## BLANCHARD *v.* DAVIDSON.

Where the claim for rent is based upon the mere occupancy of the defendant, without proof that this occupancy was as lessee, or sub-lessee, a provisional seizure cannot be sustained.

APPEAL from the District Court of the Parish of Jefferson, *Clarke*, J. *Michel*, for plaintiff. *Gainnie* and *Haynes*, for defendant. By the court:

SLIDELL, J. The petition, which is vague and obscure, does not allege a relation of lessor and lessee between the plaintiff and the defendant, nor any such state of facts as would create the lessor's privilege upon the movables belonging to *Davidson*, and existing on the property described in the petition. See *Fisk* v. *Morris*, 11 R. R. 280.

In the absence of a privilege there was no foundation for the writ of provisional seizure.

If the plaintiff was not entitled to a provisional seizure, his claim to sue *Davidson*, in this action in the parish of Jefferson also fails, the defendant being a resident of New Orleans.

It is to be observed, that our remarks are confined to the claim presented in the petition, which is merely for a personal judgment for a sum of money, with the privilege of lessor, without any distinct, intelligible averments, showing that *Davidson* occupied the premises as lessee or sub-lessee during the time for which rent is claimed.

From the evidence taken at the trial, it seems that the claim for compensation for the use of the premises, is based upon the defendant's mere occupancy of the premises. See the case of *Fisk* v. *Morris*, above cited. We are therefore of opinion, that the defendant's exception and motion to set aside the provisional seizure, should have been sustained. See C. C. 2675, 2676, 2639, 2640. C. P. 287.

It is therefore decreed, that the judgment of the district court be reversed, the provisional seizure be set aside, and the petition be dismissed, as in case of nonsuit, the plaintiff to pay costs in both courts.