No. 5810.

RUFUS WAPLES vs. CITY OF NEW ORLEANS.

Under the circumstances of the case the city is responsible for the injury which was done to the property which it had leased from plaintiff during the continuance of the lease. The fact that the plaintiff received rents to the first of September, 1873, when the premises were vacated by defendant, without demanding payment for the balance of the rents or for damages, does not estop him from now demanding them.

APPEAL from the Superior District Court, parish of Orleans. *Hawkins*, J. *Rufus Waples, in propriâ personâ*, appellant. *B. F. Jonas*, City Attorney, and *Samuel P. Blanc*, Assistant City Attorney, for defendant and appellee.

LUDELING, C. J. This suit is for the balance of rent due for the lease of a house and outbuildings, and for damages resulting from injuries done to the property.

It appears that in 1871 the plaintiff leased to the defendant a large house with brick basement, several upper rooms, front and back galleries, etc., for a school-house ; a smaller house for the portress, and outbuildings; on the lots were also trees and shrubbery. The main building was in good condition when rented, and in consideration of the low rent, forty dollars per month, the lessee was to keep the property in order free from costs to the lessor.

In August, 1873, the lessee vacated the premises. The plaintiff was absent at the time, and he was ignorant of the abandonment of the leased property until his return in April, 1874. No notice of the lessee's intention to terminate the lease was given. When the lessor returned the fences were all gone, the outhouses, trees, shrubbery, etc., were destroyed, and the main building had been so far destroyed as to be beyond repair, except at an expense which would not justify the undertaking; only the frame was left. One witness estimates the damages,

after the frame had been carried away, at three thousand dollars; another witness testified he would not estimate it so high.

We think it was the duty of the lessee to give the notice required by article 2686 of the Civil Code: "The parties must abide by the agreement as fixed at the time of the lease. If no time for its duration has been agreed on, the party desiring to put an end to it must give notice in writing to the other at least fifteen days before the expiration of the month which has begun to run." And, in default, the lease continued until the end of the month which had begun to run when the plaintiff returned and found his property abandoned and in the condition above mentioned. It has already been stated that the obligation of the lessee, assumed in consideration of the low rent, was to keep the property in order, but, without any stipulation, the obligation of the lessee, under the law, was to take care of the property "as a good administrator." C. C., art. 2710. This was not done, and the city is responsible for the injury which was done to the property during the continuance of the lease.

The fact that the plaintiff received rents that were due up to the first of September, 1873, without demanding payment for the balance of the rents or damages, does not estop him from now demanding them.

We think the evidence justifies us in fixing the damages at twenty-five hundred dollars, and the rents at forty dollars per month during eight months, from the first of September, 1873, to the end of April, 1874.

It is therefore ordered that the judgment of the lower court be reversed, and that there be judgment in favor of the plaintiff against the defendant for twenty-eight hundred and twenty dollars, with five per cent per annum interest on three hundred and twenty dollars from judicial demand, and five per cent per annum interest on the balance from this date, and costs of suit.

Rehearing refused.