(50 South. 598.)

No. 17,730.

I. TRAGER CO. v. CAVAROC CO., Limited.

(Nov. 2, 1909.)

1. JUDGMENT BELOW ACCEPTED.

The lessor having accepted the judgment rendered in the district court as correct, the issue is limited accordingly.

2. RECEIVERS (§ 77*)—RIGHT OF PLEDGE—RENT SECURED.

The lessee owes 12 months' rent from the date of the surrender to creditors. Act No. 128, p. 163, of 1894.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. § 138; Dec. Dig. § 77;* Landlord and Tenant, Cent. Dig. § 1095.]

3. LANDLORD AND TENANT (§ 194*)—SURRENDER—NECESSITY TO TERMINATE RENT.

The receiver and the trustee were in possession of the property on the premises leased at least part of the time after the surrender to creditors.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 788, 789; Dec. Dig. § 194.*]

4. BANKRUPTCY (§ 191*)—LIEN FOR RENT—RIGHT OF PLEDGE—OCCUPATION OF PREMISES.

The rental is secured by lessor's privilege for 12 months, whether the premises be occupied, or not occupied, the whole time by the officers in charge of the bankruptcy proceedings.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 290; Dec. Dig. § 191.*]

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Walter B. Sommerville, Judge.

Action by the I. Trager Company against the Cavaroc Company, Limited. From the judgment, plaintiff appeals. Affirmed.

See, also, 123 La. 319, 48 South. 949.

Charles Rosen, for appellant I. Trager & Co. Dart & Kernan, for appellants City Bank & Trust Co. and others. Lazarus, Michel & Lazarus, for appellee Levy. Rice & Montgomery, for appellee Pokorny. F. S. Weis, for appellee Harris. Andrew M. Buchmann, for appellees Wright & Taylor. Ernest T. Florance, for appellee Paul Jones Co.

BREAUX, C. J. This is the second appeal brought up to this court in this case.

In the first case the district court ordered that the funds in the hands of the receiver be turned over to the trustee in bankruptcy.

In this court on the first appeal appellees argued that the funds should be handed over to the trustees, and the judgment was affirmed.

The lessor in the first appeal controverted this demand and asked that the funds be retained in the state court to pay his demand.

This court sustained the lessor's demand and remanded the case, to be tried in the district court in accordance with the views expressed in the decision in the first case. See same title (No. 17,404) 123 La. 319, 48 South. 949.

With reference to the lessor, the court, in the decision in the first case, recognized the privilege and pledge in his favor on the property of the lessee, the Cavaroc Company, Limited, in the hands of the receiver, for the payment of the rent due lessor, to wit, the sum of $350, with 8 per cent. interest from the 1st day of September, 1908, until paid, and a like sum and like interest from each, viz., the 1st days of October, November, and December, 1908, and from each the 1st days of January, February, March, April, and May, 1909, and the further sum of $158.-06, with like interest from the 14th day of May, 1909.

The court directed the receiver to pay to the lessor out of the funds counsel fees of the counsel of record 10 per cent., i. e., $402.-50, upon the amount of rent sued for and accruing under the lease from and including the 29th day of May, 1908, to and including the 14th day of May, 1909.

The material facts of the case are that the lessee had not paid its rent at the date it was declared a bankrupt, and that there remained a balance due on notes which matured at different dates in the future.

The lease, according to the terms of the contract, terminated only on the 30th day of September, 1912.

In addition, the act of lease provides for counsel fee on 10 per cent. in amount due and exigible.

The building remained in the possession of the authorities in bankruptcy after the surrender in bankruptcy.

The lessor has abandoned all claims except for 12 months after the late corporation of Cavaroc Company, Limited, passed into the hands of a trustee appointed by the federal bankruptcy court.

The judge of the district court rendered judgment in favor of the lessor for 12 months' rent; that is, for rent for one year from the appointment of the receiver May 14, 1908.

This is an application of Act No. 128, p. 163, of 1894, in matter of a lease on long term.

To that act effect must be here given. It is controlling. It certainly limits the claim of the lessor, as relates to lessor's pledge or privilege, to rental for 12 months, a limit on the claim which binds all parties. It has a plain meaning. The appellee is certainly bound by the terms of the act. We have noted he has expressly accepted it as binding.

As to the appellants: They are equally bound, for it expressly limits the pledge and privilege to 12 months, as allowed by the judge of the district court.

Conceding, for the moment only, that the opponents and appellants are correct in their position that the rent is due only on premises actually occupied, we take up for a moment the proposition whether all rent had been paid at the date that the receiver, under appointment of the state court, turned over the property to himself as trustee under the federal bankruptcy act.

The weight of the testimony is that the receiver, while he had charge of the property as receiver, offered to let it for account of the insolvent. He did not offer to return it to the lessor. At least one month's rent has not been paid.

After the property had been surrendered, the testimony is, in substance, that the trustee was indifferent about surrendering the premises back to the lessor.

There remained property of the bankrupt corporation on the premises; besides, the keys were not turned over to the owner.

It is incumbent upon the tenant to see that the property is delivered to his landlord, if he wishes to put an end to all claim for rent.

This has not been done.

The lessor testified in this case on April 30, 1909.

From that date, at least, he must be held to have had full notice that the building was vacant, and that nothing remained for him to do save to take possession.

It results from the foregoing that, even if Act No. 128 of 1894 did not apply, there would be only a few months' rent to which the lessor would have no right. But we think that Act No. 128 of 1894 does apply, and for that reason, without regard to whether lessee was or was not using the property, it is bound for the rent for 12 months under the act cited.

For reasons assigned, the judgment of the district court is affirmed, at appellee's costs.

MONROE, J., concurs in the decree.