### In re MEYER & BLEULER.

#### (District Court, E. D. Louisiana. April 20, 1912.)

#### No. 1,559.

BANKRUPTCY (§ 391*)—LIENS—ENFORCEMENT.

> The lien of a landlord on the property on the leased premises for rent for one year from date of insolvency, unless the lease sooner terminates, created by Civ. Code La. art. 2705, and Laws La. 1894, No. 128, must be enforced in bankruptcy on the tenant being adjudged a bankrupt, and the trustee may not defeat the landlord's lien for rent for one year from the filing of the petition in involuntary bankruptcy by vacating the premises and turning over the keys.

> [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 637–655; Dec. Dig. § 391.*]

In the matter of Meyer & Bleuler, bankrupts. Order of referee approving the trustee's account as filed reversed.

Esmond Phelps, for opponent.
Charles I. Denechaud, for trustee.

FOSTER, District Judge. In this matter it appears that Meyer & Bleuler were engaged in a mercantile business and rented their store from the administrators of the Tulane Educational Fund, on a written lease running three years from October 1, 1910, at $125 per month. A petition for involuntary bankruptcy was filed against them on May 13, 1911, and subsequently they were adjudicated bankrupts. Prior to the adjudication, a receiver was appointed and continued to occupy the premises, as did the trustee after his election; both conducting the business as a going concern. The trustee finally vacated the store on January 20, 1912, and turned the keys over to the landlord. The rent was all paid up to the 1st of January, 1912, and the

trustee allowed the landlord rent for the month of January and placed him on his account as a privileged creditor for $125. The landlord opposed this account on the hearing before the referee and claimed an additional four months' rent as a privileged creditor. The referee ruled against this contention and affirmed the account as filed.

The trustee contends that the landlord is entitled to his lien and privilege only for such portion of time as the premises were actually occupied by the bankrupts, the receiver, and the trustee, and that when he vacated the premises and turned the keys over to the landlord, the latter's lien ceased. I cannot agree with this contention. Under the law of Louisiana, the landlord has a privilege on all the property on the leased premises for the term of one year from the date of insolvency, unless of course the lease terminates sooner. Article 2705, Civil Code; Act 128 of 1894. This lien, being created by the statutes of the state, must be enforced in bankruptcy. Martin v. Orgain, 174 Fed. 772, 98 C. C. A. 246.

The trustee might have sublet the premises, or sold the right of occupancy of same, or abandoned them, as he has done in this case, according to which was most beneficial to the estate, but he could not defeat the landlord's privilege by vacating the store and turning over the keys.

The judgment of the referee, approving the trustee's account as filed, will be reversed, and the trustee will be directed to recast his account, placing the opponent as a privileged creditor thereon, for the full amount of the rent from the 1st of January, 1912, up to the 13th of May, 1912, at the rate stipulated in the lease.