### DELLINGER v. WAITE–THRESHER CO.

### In re FLOYD–SCOTT CO. OF BOSTON.

(Circuit Court of Appeals, First Circuit. December 10, 1915.)

#### No. 1146.

1. BANKRUPTCY ☞191—RIGHTS OF TRUSTEE—APPLICATION OF STATE LAW.
    The rule applied that the validity of a lien for rent reserved in an unrecorded lease, as against a trustee in bankruptcy, is governed by the local law.
    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 286, 287, 290, 351; Dec. Dig. ☞191.]

2. BANKRUPTCY ☞191—LIENS—VALIDITY—REGISTRATION WITHIN FOUR MONTHS BEFORE BANKRUPTCY.
    Under the laws of Rhode Island, a lien for rent reserved in a lease is good as against creditors, though the lease is not registered, and hence, under the provision of Bankr. Act July 1, 1898, c. 541, 30 Stat. 544, as amended by Act June 25, 1910, c. 412, 36 Stat. 838, invalidating transfers recorded or registered within four months before bankruptcy, if by law recording or registering is required, such a lien is good as against the

trustee in bankruptcy, though the lease is not registered until shortly before bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 286, 287, 290, 351; Dec. Dig. ☞191.]

Appeal from the District Court of the United States for the District of Massachusetts; Jas. M. Morton, Judge.

In the matter of the Floyd-Scott Company of Boston, bankrupt. From a decree (224 Fed. 987) allowing a claim of lien by the Waite-Thresher Company, Raymond P. Dellinger, trustee, appeals. Affirmed.

Clarence A. Barnes, of Boston, Mass., for appellant.
Charles W. Littlefield, of Providence, R. I., for appellee.

Before PUTNAM, DODGE, and BINGHAM, Circuit Judges.

PUTNAM, Circuit Judge. This case relates to a lease of real estate in the state of Rhode Island, which contained for the lessor a reservation of personal property on the premises, to protect rent which might afterwards become due. The lessee went into bankruptcy, but failed to record the lease containing the stipulations about the personal property referred to until within four months before the filing of the petition in bankruptcy. The trustee claimed that, under the amendatory act in bankruptcy of 1910, he thus became entitled as such trustee to the personal property in question, free from the alleged lien, and after very careful consideration, and, indeed, reconsideration, and a thorough opinion of the learned judge of the District Court, the personal property was awarded to the lessor. Thereupon the trustee in bankruptcy appealed to us.

[1] We need add but very little to what has been said in the opinion of the District Court, which requires no elaboration of authorities to establish the proposition that the case is governed by local law, and the learned judge of the District Court so held.

[2] The amendatory bankruptcy statute in the matter referred to relates only "to the recording or registering of the transfer, if, by law, recording or registering thereof is required." Careful examination of the statutes of Rhode Island, and of Groton Manufacturing Company v. Gardiner, 11 R. I. 626, settles the fact that the statutory laws of Rhode Island, governing this instrument, so far as the alleged rights of the lessor are concerned, do not require any registration. That requisition is limited, so far as personal property is concerned, to mortgages. The other provisions for registration are limited to realty; so that there is nothing in the statutes requiring this lease to be recorded, so far as this lien is concerned. Also Groton Manufacturing Company v. Gardiner establishes the proposition, so familiar to the courts of the United States and to some others, that this contract gave the lessor an efficient equity, good against general creditors or a trustee in bankruptcy, as was held by the learned judge of the District Court in this case. It is true, as stated by the learned counsel for the trustee, that "the lease itself is voidable" for want of registry; and he claims that this renders all the terms of it voidable, although only incidental to leasing. This is an inconceivable proposition in law, because the lack of recording an instrument on an occasion of this

kind imperils only the rights of the purchaser, the lessee, or the mortgagee; so that, even if the recording statute did apply here, the lack of record would be effective only in a reverse direction from that which the trustee insists on.

The decree of the District Court is affirmed, with interest, and the costs of appeal are awarded the appellee.

### Supplemental Opinion.

Since this case was announced, substantially the same questions came before the Court of Appeals and the Supreme Court in Bailey v. Baker Ice Machine Company,[1] per opinion announced November 29, 1915, and also in the Court of Appeals in 209 Fed. 603. The circumstances were not altogether the same; but the rules laid down by the Supreme Court were sufficiently broad to cover and approve the results reached by us in every particular. In neither case was there any obligation on the part of the creditor to record the instrument in question, so that in any event the time of recording the instrument was entirely an unimportant matter. Lawyers learn the rules touching these matters in the district of Maine, where, for more than two generations, the arrangements have been known as "Holmes notes"; and there seems to the bar to be no necessity for a long discussion in reference to them.