### PREETORIUS et al. v. ANDERSON.

### In re BARRETT.

(Circuit Court of Appeals, Fifth Circuit. November 2, 1916.)

No. 2914.

1. COURTS ⟷359—FOLLOWING STATE LAW—LIENS.

In determining the priority of liens in a bankruptcy case, the state law governs.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 939–949; Dec. Dig. ⟷359.]

2. MORTGAGES ⟷151(1)—LANDLORD'S LIEN—PRIORITY.

Civ. Code Ga. 1910, § 3340, gives a landlord a special lien on crops made on rented land superior to all other liens except for taxes, and a general lien on all property of the debtor liable to levy and sale, which shall date from the time of the levy of the distress warrant to enforce it; section 3341 declares that the general lien shall be inferior to liens for taxes and of laborers, but shall rank with other liens according to date of the levying of the distress warrant; while section 3701 provides that the landlord's lien for rent shall attach from the time of levying the warrant, but shall

---

⟷For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

take no precedence of a lien of older date except as to crops. *Held*, that a landlord's general lien for rent is inferior to the lien of mortgages executed before the levying of the distress warrant.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 326; Dec. Dig. ☜151(1).]

Petition for Superintendence and Revision of Proceedings of the District Court of the United States for the Southern District of Georgia in Bankruptcy; Emory Speer, Judge.

In the matter of the bankruptcy of M. W. Barrett. E. M. Anderson's landlord's lien was granted priority over the mortgages of W. S. Preetorius and E. K. De Loach, and they petition to superintend and revise the order. Petition granted, order reversed, and marshaling of liens affirmed.

Wm. R. Hewlett, of Savannah, Ga., and Hinton Booth, of Statesboro, Ga., for petitioners.

H. B. Strange, of Statesboro, Ga., opposed.

Before PARDEE and WALKER, Circuit Judges, and GRUBB, District Judge.

PARDEE, Circuit Judge. This is a contest for priority between two mortgage lienholders with duly recorded mortgages and a landlord's lien with long after issued distress warrant. The bankrupt's property was sold by the trustee free of liens, liens to attach to the proceeds. Among the several claimants of liens which were before the referee and marshaled by him were the following in the order of priority allowed:

"(a) Taxes due state, county and city; (b) I. W. Rhodes, laborer's lien for wages; (c) W. S. Preetorius, mortgage; (d) E. K. De Loach, mortgage; (e) Carter Company, judgment; (f) E. M. Anderson, landlord's general lien for rent."

The landlord excepted to the findings of the referee, claiming priority over the Rhodes labor lien, Preetorius mortgage, and E. K. De Loach mortgage. Upon the hearing before the court, the following order was entered:

"After considering the exceptions and petition for review of the findings of the referee in the above cause as to the priority of liens between mortgagees and landlord, it is ordered by the court that the findings of the referee holding that the mortgages of W. S. Preetorius and E. K. De Loach are superior to the lien of E. M. Anderson, landlord, be and the same are hereby overruled, and the lien of said landlord for rent is made a prior lien on said fund for distribution. It is further ordered that the findings of said referee, except as herein overruled, be and the same are affirmed.

"Dated, this March 22, 1916."

And Preetorius and De Loach, the mortgage creditors, bring this petition to revise.

[1] The law of Georgia controls. Remington on Bankruptcy, § 1896, and authorities there cited.

[2] In Georgia landlords have two kinds of liens for rent: (1) Special, on crops made on lands rented superior to all other liens, except for taxes; (2) general, on all property of the debtor liable to levy and

sale, which shall date from the time of the levy of a distress warrant to enforce the same. See Code Ga. 1910, § 3340. Such general lien of landlords shall be inferior to liens for taxes and the general and special liens of laborers, and with each other according to date; the date being from the time of levying a distress warrant. Code Ga. § 3341. The landlord's lien for his rent shall attach from the time of levying his distress warrant, but it shall take precedence of no lien of older date, except as to crops raised upon the premises. Code Ga. § 3701.

It seems to be well settled in Georgia that the lien and distress warrant attaches at the instant of its levy; and as against liens imposed by law, the lien of a mortgage, if registered in due time, attaches from the time of its execution. See Jones v. Howard, 99 Ga. 454, 27 S. E. 765, 59 Am. St. Rep. 231; Garmany v. Lawton, 124 Ga. 881, 53 S. E. 669, 110 Am. St. Rep. 207; Elam v. Hamilton, 69 Ga. 736; Worrill v. Barnes, 57 Ga. 404. In Jones v. Howard, supra, the execution of the mortgage and the levy of the distress warrant occurred on the same day. In discussing their relative priorities, the court says:

"Either the lien of the distress warrant or the lien of the mortgage first attached, and was, as a consequence, superior to the other. * * * The lien of the distress warrant attached upon the instant of its levy.· The lien of the mortgage attached upon the instant of its execution. The liens of the respective instruments were referable in the one case to the fact of levy, and in the other to the fact of execution. Any difference of time in favor of one or the other would suffice to give that lien the preference."

This court in a recent case (Southern Railway Co. v. Wilder, 231 Fed. 933, —— C. C. A. ——), had occasion to consider the lien of the landlord as opposed to the trustee's lien in favor of general creditors given under the bankruptcy law, and we there held:

"Under Civ. Code Ga. 1895, § 2787, establishing liens in favor of landlords, section 3124, empowering them to distrain for rent as soon as the same is due, and section 2795, giving them a general lien on the property of the tenant liable to levy and sale, which dates from the levy of the distress warrant to enforce the same, the lien of the landlord for rent prior to distress is inchoate, and covers no specific property, and gives no priority over the lien given to the trustee in bankruptcy by Bankr. Act July 1, 1898, c. 541, § 47a, 30 Stat. 557, as amended by Act June 25, 1910, c. 412, § 8, 36 Stat. 840 (Comp. St. 1913, § 9631)."

Our conclusion is that the marshaling of the liens in the bankruptcy of Barrett, as marshaled by the referee, was in all respects correct, and that the order of the District Court was erroneous.

The petition to revise is granted, and the order of the District Court reversed, and the marshaling of the liens by the referee is affirmed.