FUDICKAR v. GLENN et al.

.In re ECONOMY MERCANTILE CO., Limited.

(Circuit Court of Appeals, Fifth Circuit. December 11, 1916.   Rehearing
Denied January 10, 1917.)

No. 2962.

1. CORPORATIONS ⬤426(7)—ACTS OF OFFICERS—RATIFICATION.
Where a corporation, with full knowledge that one of its officers had
undertaken to renew a lease in its name, continued to occupy the prem-
ises, paying rent, pursuant to the renewal agreement, and recognized that
its occupancy was under a lease unexpired at the time its petition in
bankruptcy was filed, by so stating in the schedules, the attempted re-
newal by the officer, if not authorized, was ratified by the corporation.
   [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1702, 1703,
1713;  Dec. Dig. ⬤426(7).]

2. BANKRUPTCY ⬤191(1)—LIENS—VALIDITY.
Under Bankr. Act July 1, 1898, c. 541, § 67d, 30 Stat. 564 (Comp. St.
1913, § 9651), declaring that liens given or accepted in good faith, and
not in contemplation or in fraud of the act, shall not be affected, the lien
of a lessor of premises used for mercantile purposes on the movables of
the lessee to secure unpaid rent, as well as rent which may accrue during
a term of a year after bankruptcy, given by Civ. Code La. art. 2705, and
Act No. 128 of 1894, is not affected by the bankruptcy.
   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 286, 290;
Dec. Dig. ⬤191(1).]

3. BANKRUPTCY ⬤191(1)—LIENS—ENFORCEMENT.
The lien of a lessor of premises used for mercantile purposes for
rent to accrue within a year after bankruptcy, conferred by Civ. Code
La. art. 2705, may be enforced as against the lessee's movables, though the
claim for the rent to accrue is not provable in bankruptcy, and the mov-
ables passed into possession of the bankruptcy court.
   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 286, 290;
Dec. Dig. ⬤191(1).]

Appeal from the District Court of the United States for the Western
District of Louisiana; Aleck Boarman, Judge.

In the matter of bankruptcy of the Economy Mercantile Company,
Limited. The claim of Ernest Fudickar, which was contested by Walk-
er Glenn, trustee, having been allowed by the referee, was largely dis-
allowed by the District Court, and claimant appeals. Decree reversed.

Allan Sholars, of Monroe, La. (Hudson, Potts, Bernstein & Sholars,
of Monroe, La., on the brief), for appellant.

Adolph Wolff and Percy Sandel, both of Monroe, La., for appellee.

Before PARDEE and WALKER, Circuit Judges, and GRUBB, Dis-
trict Judge.

WALKER, Circuit Judge.   At the time of the filing of the volun-
tary petition in bankruptcy by the Economy Mercantile Company on
April 20, 1915, it occupied a building as the tenant of the appellant,
Ernest Fudickar.   The tenancy commenced under a written lease made
in 1913 for a period of one year from June 15, 1913.   By the terms

of that lease the lessee had the right to renew the lease for one or two years more at its option at the same rental, $200 per month. By a written communication, addressed to the lessor and signed with the name of the lessee corporation by one of its officers, the lessor was notified on May 23, 1914, that, in accordance with the provision of the original lease, the lessee accepted the leased premises for a period of two years at the rate of $200 per month. The lessee continued to occupy the premises, paid the stipulated rent to January 15, 1915, and its schedule, filed with its petition, of creditors to whom priority is secured by law, contained this item:

"Rent due E. Fudickar, earned rent, $600.00. Contract expires May 15, 1916, at $200 per month."

Fudickar filed a priority claim in the bankruptcy proceeding for the sum of $3,400, for rent at $200 per month from January 15, 1915, to June 15, 1916, asserting a lien upon the stock of goods, fixtures, and furniture in the leased premises. The referee allowed this claim to the extent of $3,126.70, being the stipulated rent to the date of the adjudication of bankruptcy, May 4, 1915, and for one year from that time. The District Court reversed this order to the extent of disallowing all rent accruing under the contract of lease after the filing of the petition in bankruptcy. The appeal is from the decree to this effect.

[1] We do not think that there is any merit in the contention that the bankrupt corporation did not bind itself by a renewal of the lease for two years. With full knowledge of the facts, it acquiesced in the act of its officer, who undertook to renew the lease in its name. It continued to occupy the premises, paid rent pursuant to the renewal agreement, and recognized that its occupation of the premises was under a lease which was unexpired at the time the petition in bankruptcy was filed. Assuming that the corporation did not authorize the making of the renewal contract, yet its adoption or ratification of that contract was sufficiently shown.

[2, 3] The Louisiana law gives to a lessor, for the payment of his rent, a lien or privilege and right of pledge on the movable effects of the lessee which are found on the property leased; but, in the case of the failure or death of a lessee of a building used wholly or in part for mercantile purposes, the right so given "shall not extend  *  *  * in such a way as to secure rent for a term of more than one year after such failure or death." Merrick's Revised Civil Code of Louisiana, art. 2705; Acts of Louisiana, 1894, No. 128, p. 163. An effect of the lease, which had more than a year to run when the bankruptcy occurred, was to give the lessor a lien or privilege on the effects of the lessee found on the property leased for the unpaid rent already accrued at that time and for the rent for a term of one year after the bankruptcy. Trager Co. v. Cavaroc Co., Ltd., 124 La. 611, 50 South. 598. The lien so attaching under the state law as a result of the lease contract is one which the provision of section 67d of the Bankruptcy Act saves from being affected by that act.

Whether a claim for the rent accruing by the terms of the lease after the date of the bankruptcy does or does not constitute a provable and allowable claim against the estate in bankruptcy as a whole, so

much of that estate as is subject to the lien in favor of the lessor remains subject to that lien, notwithstanding the lessee's bankruptcy, and that lien is enforceable against the property subject to it, which comes into the possession of the bankruptcy court. Relief cannot properly be denied to one asserting a valid subsisting lien on property, or the proceeds of it, in the court's possession. The conclusion is that the appellant had a lien on so much of the bankrupt's estate as consisted of the stock of goods, fixtures, and furniture in the leased premises for the stipulated rent accrued at the date of the bankruptcy, and also for the rent for one year from that time. Martin v. Orgain, 174 Fed. 772, 98 C. C. A. 246; Henderson v. Mayer, 225 U. S. 631, 32 Sup. Ct. 699, 56 L. Ed. 1233; In re Southern Hardware & Supply Co. (D. C.) 210 Fed. 381.

The decree appealed from is reversed.