### LONTOS v. COPPARD.

### In re PANCOAST-MORGAN CO.

(Circuit Court of Appeals, Fifth Circuit. December 13, 1917.)

No. 3058.

1. BANKRUPTCY ⬤�could314(1)—CLAIMS—PROOF.
    As Rev. St. Tex. art. 5490, gives a landlord a lien on the personal property contained in the leased premises for rent of the balance of the current year, a landlord may on bankruptcy of the tenant prove his claim for rent for that period and enforce the same against the proceeds of the property subject to the lien, though the debt be not provable against the bankrupt's general estate.

2. BANKRUPTCY ⬤⟹328—ADJUDICATION—EFFECT.
    Under Rev. St. Tex. art. 5490, giving the landlord a lien on the personal property contained in the leased premises after rent for the balance of the current year, but continuing the lien for only 30 days after the tenant has ceased to occupy the rented premises, a landlord may more than 30 days after the tenant was adjudicated a bankrupt file an amended claim setting up his lien under the statute, for the rights of the parties were fixed at the time of adjudication at which time the bankrupt was occupying the demised premises, and his goods and chattels contained therein were impressed with the lien, and the subsequent possession of the trustee, which was not adverse as to the landlord, did not affect the lien.

3. BANKRUPTCY ⬤⟹245—TRUSTEE—DUTIES OF.
    A trustee in bankruptcy represents not only the landlord, but the other creditors, and his occupancy of demised premises after adjudication cannot be construed as adverse to the landlord for the purpose of defeating his lien for rent.

4. BANKRUPTCY ⬤⟹336—CLAIMS—FILING.
    Where a landlord filed his original proof of debt promptly, but failed at that time to assert his lien for the rent for the remainder of the current year given by Rev. St. Tex. art. 5490, it was proper to allow him to file an amended claim within the year prescribed by Bankr. Act July 1, 1898,

⬤⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

c. 541, § 57n, 30 Stat. 560 (Comp. St. 1916, § 9641), asserting the lien; the omission to claim it in the first place having been due to a misapprehension of the law.

Appeal from the District Court of the United States for the Western District of Texas; William B. Sheppard, Judge.

In the matter of the bankruptcy of the Pancoast-Morgan Company. M. Coppard, trustee, excepted to the claim of C. N. Lontos, a creditor, and the creditor appeals from an order and decree affirming the order of the referee sustaining the exceptions to the allowance of his claim. Reversed.

M. W. Terrell, of San Antonio, Tex., for appellant.
R. H. Ward, of San Antonio, Tex., for appellee.

Before WALKER and BATTS, Circuit Judges, and FOSTER, District Judge.

FOSTER, District Judge. In this case the undisputed facts necessary to its consideration are these: The Pancoast-Morgan Company was adjudicated a bankrupt on June 3, 1915. At that time it was occupying a store in San Antonio rented from C. N. Lontos, by a written lease, at a monthly rental of $550, payable in advance, the lease running from March 1, 1913, to October 31, 1922. On June 25, 1915, the trustee was elected, and the same day the landlord filed his proof of debt for the rent due for the month of May, 1915, and claimed a lien, under the belief that it was all he was entitled to. On July 30th, he filed an amended claim for rent, including the month of May, and for the balance of the contract year, to wit, up to March, 1916, and asserted a lien upon the personal property contained in the leased premises, by virtue of the laws of Texas, for the full amount. At the same time he notified the trustee that he would consent to the sale of the leasehold or the subletting of the premises for the balance of the contract year. On July 31, 1915, the property of the bankrupt, on which the landlord claimed a lien, was sold by the trustee under order of the referee for $12,100, free of all liens, and the sale was subsequently confirmed. On the day of sale, by agreement between the trustee and the landlord, the premises were leased to the purchaser of the goods without prejudice to the rights of either party. The trustee objected to the amended claim of the landlord on the grounds: First, that the rent to accrue in the future was not a fixed liability, owing at the time of bankruptcy; and, second, that the claim was barred because not filed within 30 days after the occupancy of the premises by the bankrupt ceased. The referee ruled in favor of the trustee and disallowed the claim for all rent to accrue after August 1, 1915. On review the order of the referee was affirmed, and a judgment to that effect entered by the District Court. From that judgment this appeal is prosecuted.

[1] Generally speaking, claims for rent to become due fall into two classes. There are well-considered cases holding that, where the state law gives no lien, a claim for the unearned portion of the rent under a lease is not a provable debt, and the landlord is not entitled to prove

in damages for the breach of contract. On the other hand, it may be considered settled, in this circuit at least, that where the state law does give the landlord a lien for the unexpired term of the lease, or any part of it, the claim for rent for that period may be proved in bankruptcy and enforced against the proceeds of the property subject to the lien, even though the debt may not be provable against the general estate. Martin v. Orgain, 174 Fed. 772, 98 C. C. A. 246; In re Meyer & Bleuler (D. C.) 195 Fed. 653; Denechaud v. Board of Administration of Tulane Educational Fund, 200 Fed. 1022, 118 C. C. A. 665; In re Southern Hardware & Supply Co. (D. C.) 210 Fed. 381; Dellinger v. Waite-Thresher Co., 228 Fed. 506, 143 C. C. A. 88; Fudickar v. Glenn et al., 237 Fed. 808, 151 C. C. A. 50; Henderson v. Mayer, 225 U. S. 631, 32 Sup. Ct. 699, 56 L. Ed. 1233. See, also, Courtney v. Fidelity Trust Co., 219 Fed. 57, 134 C. C. A. 595.

In the matter before us we are not concerned with the first-mentioned class of cases, as the laws of Texas give the landlord a lien on the personal property contained in the leased premises for rent for the balance of the "current contract year." Article 5490, Revised Statutes of Texas of 1911; T. L. Marsalis & Co. v. A. J. Pitman, 68 Tex. 626, 5 S. W. 404. It is clear, therefore, that the first ground of objection raised by the trustee to the landlord's claim is untenable.

[2, 3] However, it is further contended on behalf of the trustee: First, that the lien under section 5490, supra, exists for only 30 days after the tenant has ceased to occupy the rented premises; and, second, that the possession and occupancy of the trustee was not the occupancy of the bankrupt, and that by delaying for more than 30 days after the election of the trustee to file the amended proof of debt the lien was waived by the landlord.

[4] There is no dispute as to the soundness of the first proposition, but it does not apply to the facts in this case. The rights of all parties were fixed at the moment of adjudication in bankruptcy, at which time the bankrupt was occupying the leased premises, and his goods and chattels contained therein were impressed with the landlord's lien. The property passed to the trustee burdened with a valid lien. York Mfg. Co. v. Cassell, 201 U. S. 344, 26 Sup. Ct. 481, 50 L. Ed. 782. The trustee represented the landlord as well as the other creditors, and his occupancy of the leased premises and possession of the property contained therein could not be construed as adverse to the landlord for the purpose of defeating his lien. After the adjudication in bankruptcy there was nothing the landlord could do to enforce his lien, but file his claim in the bankruptcy proceedings. He filed his original proof of debt promptly and claimed his lien. That he did not at that time claim all he was entitled to was due entirely to his ignorance of his rights. His amended claim was filed as soon as he discovered his error and before a sale of the property or any distribution of the assets. Under these circumstances the only limitation to its filing was the year's time provided by section 57n of the Bankruptcy Act, and the amendment should have been allowed and given effect. Considering the consent of the landlord, the trustee might have sold the leasehold, or have sublet the premises, for the benefit of the creditors. Fortunately, owing to the very sensible arrangement

between the landlord and the trustee, it is probable that no damage has resulted to the estate.

As the landlord was entitled to payment in full out of the proceeds of the personal property in the leased premises, it follows that the judgment appealed from must be reversed, and appellant awarded judgment on his amended claim, subject to the deduction of such amounts as he has already received by virtue of the orders of the referee and his agreement with the trustee.

·Reversed.