CHAMBERS v. HINGLE

(May 24, 1926. Opinion and Decree.)
(June 7, 1926. Rehearing Refused.)

(*Syllabus by the Court*)

1. **Louisiana Digest—Landlord and Tenant —Par. 29, 35, 64.**

It is the duty of a lessee to surrender the possession of leased premises to the lessor at the expiration of the lease. This duty is not met when the lessee himself moves out of the leased premises but leaves a sublessee in possession of part of the premises.

2. **Louisiana Digest—Landlord and Tenant —Par. 74, 80.**

The lessee continues liable for the whole rent until he delivers possession of the whole of the premises.

Appeal from First City Court. Hon. W. V. Seeber, Judge.

Action by Loan J. Chambers against Norwood N. Hingle.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

J. B. Rosser, Jr., of New Orleans, attorney for plaintiff, appellee.

E. L. Bordelon and L. R. Hoover, of New Orleans, attorneys for defendant, appellant.

CLAIBORNE, J. This is a suit for rent.

The plaintiff alleged that in September, 1924, he leased to the defendant, Hingle, the property, 1915-17 Melpomene street, for twelve months commencing October 1, 1924, and ending September 30, 1925, for the price of $72.50 per month, payable on the first of every month, that although said lease ended on September 30, 1925, the said Hingle failed to deliver possession of said premises to plaintiff and continued to occupy the same through himself and sub-tenants, from October 1 to December 10, 1925, date of filing of this suit, for which he owes plaintiff rent at the rate of $2.41 per day, or $171.11, and $2.41 for every subsequent day until he delivers possession.

Defendant pleaded a general denial; he alleged that he did give up the possession of the leased premises at the expiration of the lease; that on September 30, 1925, he vacated said premises and that he has never been in possession of the same or through anyone over whom he had control.

There was judgment for plaintiff and the defendant has appealed.

The evidence establishes with absolute certainty that the defendant leased from plaintiff the property, 1915-17 Melpomene street, for a period expiring September 30, 1925, that during the lease Hingle sublet to one Bailey the upper floor of the building; that at the expiration of the lease Hingle moved out, but left Bailey in possession and also left a lot of old material on the premises and did not deliver the keys of the building to the plaintiff.

Article C. C. 1817 provides:

"If, after the termination of a lease, the lessee continues in possession and the lessor be inactive and silent, a complete mutual obligation for continuing the lease is created by the act of occupancy of the tenant on the one side and the inaction and silence of the lessor on the other." Also C. C. 1816-2688-2682; Marmiche vs. Roumieu, 11 La. Ann. 477; 8 Orl. App. 123; Armstrong vs. Bach, 20 La. Ann. 190; Bowles vs. Lyon, 6 Rob. 262; 12 Orl. App. 219.

The fact that the defendant notified the plaintiff that he would vacate the premises at the end of his lease does not relieve him from payment of the rent if he continued to occupy the premises himself or through others.

In case of Briede ys. McClellan, No. 7599, Tessier Digest, p. 99, this court said:

"It is the duty of a lessee to surrender possession of the leased premises to the lessor on the very day of the expiration of the lease. This duty is not met by delivering the keys of the leased premises to one not authorized by the lessor to receive them and without his knowledge." Woples vs. City of New Orleans, 28 La. Ann. 688; Troger Co. vs. Cavaroc Co., 124 La. 611, 50 South. 598.

The judgment appealed from is correct, and it is therefore affirmed.