**LERNER STORES CORPORATION v. ELECTRIC MAID BAKE SHOPS et al.**

**In re ELECTRIC BAKING CO., Inc.**

Circuit Court of Appeals, Fifth Circuit. March 16, 1928.

No. 5029.

**1. Bankruptcy ⬿205—Trustee need not administer incumbered property but trustee's election to administer property cannot affect rights of lien creditors (Bankruptcy Act, § 67d [11 USCA § 107]).**

Trustee in bankruptcy is not obliged to administer property burdened with a valid lien, but if there is a substantial equity therein for the general creditors, which trustee in accordance with his duty administers, lien creditors lose none of their rights, and are not put to additional expense of administration over that which they would incur in foreclosing liens had bankruptcy not intervened, under Bankruptcy Act, § 67d (11 USCA § 107).

**2. Bankruptcy ⬿324—Mortgagee may collect interest to date of filing petition.**

Holder of mortgage on bankrupt's property is entitled to collect his debt in full, with interest to date of filing petition, but interest does not run beyond that date.

**3. Bankruptcy ⬿345(2)—Mortgagee held not entitled to preference as to attorney's fees.**

Where mortgage remains unforeclosed at time of filing mortgagor's petition in bankruptcy, attorney's fees provided for by mortgage do not constitute a debt entitled to preference on foreclosure after bankruptcy.

**4. Bankruptcy ⬿191(1)—Landlord in Louisiana has lien on tenant's movables in leased premises for one year's rent after bankruptcy.**

Under Louisiana law, landlord has statutory lien on movable property in leased premises, not only for rent due at time tenant files petition in bankruptcy, but for one year thereafter, unless lease terminates sooner.

**5. Bankruptcy ⬿267(3)—Landlord, having statutory lien on bankrupt tenant's movable property, is entitled to proceeds on paying what it would otherwise have cost to enforce his lien.**

Landlord, having statutory lien on movable property of bankrupt tenant in leased premises, is entitled to receive full amount of proceeds of such property, subject to prior liens, on contributing to general fund an amount equivalent to what it would have cost to enforce his lien in a proceeding other than bankruptcy.

**6. Bankruptcy ⬿345(2)—Priority of liens in bankruptcy is determined by state law.**

Where property in hands of trustee in bankruptcy is covered by two liens under state law, it is necessary to determine which takes precedence, and the order of liens as fixed by the state law will be enforced.

**7. Bankruptcy ⬿267(2)—Landlord, having lien on bankrupt tenant's movable property, subject to prior chattel mortgages, could enforce claim on proceeds after satisfying chattel mortgages.**

Where landlord had statutory lien on movable property in premises leased by bankrupt tenant, subject only to chattel mortgages which were prior in point of time, landlord was entitled to enforce lien on surplus of proceeds remaining after satisfying chattel mortgages and estimated cost of foreclosing.

**8. Bankruptcy ⬿476—What constitutes costs of administration is largely discretionary.**

Determination of what may be properly considered costs of administration, entitled to priority in distribution of bankrupt's estate, is largely within discretion of trial court, depending on the facts in each case.

**9. Bankruptcy ⬿267(2)—Fixing lienholders' contributions to cost of administration on basis of proportionate shares in proceeds of incumbered property held error (Bankruptcy Act, § 67d [11 USCA § 107]).**

Amount to be contributed by lienholders as costs of administration of bankrupt's property was improperly fixed by requiring each to pay stated proportion, based on respective part of proceeds of incumbered property to which each was entitled, under Bankruptcy Act, § 67d (11 USCA § 107), since such award might require creditor to pay more than he would have had to pay in case bankruptcy had not intervened.

**10. Bankruptcy ⬿255—Generally, landlord may recover rent for premises occupied by bankrupt's trustee.**

Landlord is generally entitled to be paid rent for premises occupied by trustee in bankruptcy of tenant as part of costs of administration.

**11. Bankruptcy ⬿255—Landlord was not entitled to lien on bankrupt tenant's property left on premises after sale, in absence of lease to purchaser (Rev. Civ. Code La. art. 2708).**

Where movable property in premises subject to landlord's lien was sold after tenant's bankruptcy, landlord was not entitled to lien on property left in premises after sale, since mere occupancy without contract of lease between landlord and purchaser of property did not create lien under Louisiana law (Rev. Civ. Code La. art. 2708).

Appeal from the District Court of the United States for the Eastern District of Louisiana; Louis H. Burns, Judge.

In the matter of the Electric Baking Company, Inc., bankrupt. From a decree amending a referee's order involving determination of claims of the Lerner Stores Corporation, the Electric Maid Bake Shops, and others, on sale of bankrupt's property, the Lerner Stores Corporation appeals. Reversed and remanded.

Walter J. Suthon, Jr., of New Orleans, La. (J. Blanc Monroe and Monte M. Le-

mann, both of New Orleans, La., on the brief), for appellant.

Claude L. Johnson, Sol Weiss, Louis H. Yarrut, and Frank J. Stich, all of New Orleans, La. (Milton P. Firestone, of St. Paul, Minn., on the brief), for appellees.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. In this case the facts, so far as they are material to a discussion of the issues presented, are these:

The Electric Baking Company, Inc., was adjudicated a bankrupt on its voluntary petition, July 3, 1925, and surrendered as assets the movable property in its store on Baronne street, New Orleans, which store had been rented from appellant at a monthly rate of $750 by a written lease having at least a year to run. The record does not disclose any other assets, except a deposit in bank of $56.91.

Appellee, the Electric Maid Baking Shops, was the holder of two chattel mortgages on part of the property in the store, and asked for and obtained the separate appraisement of those articles on which the liens rested. Certain perishable property was promptly sold, and realized $75.91, and the balance of the contents of the store was sold at auction on August 4, 1925; the items covered by the chattel mortgages being sold separately, one lot to a third person for $375, and the other, called a baking outfit, to the mortgage holder for $2,600. The balance of the property was sold for $374.05. The baking outfit was not removed from the store until August 29, 1925, and appellant did not secure possession of the premises until then.

Appellant succeeded in re-renting the premises, October 1, 1925, for $567.67 per month, and made proof of debt for the rent at $750 per month for July, August, and September, 1925, and at $182.33 for the rest of the year, including June, 1926, claiming a lien on all the property in the leased premises superior to the mortgages.

In passing on the trustee's account, the District Court entered judgment recognizing the validity of the chattel mortgages, ranked the liens ahead of the landlord on the baking outfit in the sum of $2,520.87, with 8 per cent. interest from May 9, 1925, until paid, and 10 per cent. attorney's fees thereon, and on the other property in the sum of $280, with 6 per cent. interest from May 14, 1925, until paid, and 6 per cent. attorney's fees thereon, and required a contribution from the mortgage creditor of 85 per cent. of the following items, allowed as costs of administration, to wit: Appraisers' fees, $106; auctioneers' fees, $256.29; referee's costs, $116.75; stenographer's fees, $40; advertising $16—a total of $534.04, and "a fair amount as storage or warehouse charge from August 4, 1925, to August 29, 1925, for the premises, 143 Baronne street, formerly occupied by the bankrupt," to be paid appellant, but did not fix this amount. The judgment further recognized the lessor's privilege on the proceeds of the property not covered by the chattel mortgages for the period from July 5 to August 4, 1925, in the sum of $750, to be paid after deducting the costs of administration, which amounted to $1,197.-06, allowed by the referee and approved by the judgment. Other features of the judgment are immaterial.

[1] We have heretofore held that a mortgage holder is not required to contribute any more to the expense of administration than it would have cost him to foreclose his mortgage, on the theory that he is not to be affected by the proceedings in bankruptcy, if he has a valid lien, under the provisions of section 67d of the bankruptcy act (11 USCA § 107). The trustee is not obliged to administer property burdened with a valid lien. If it appears in the exercise of sound and honest discretion that there is a substantial equity for the general creditors, it is his duty to do so, but in that event the lien creditor loses none of his rights. Gugel v. New Orleans Nat. Bank (C. C. A.) 239 F. 676.

[2, 3] It is material, however, to consider what the rights of a mortgage creditor are. He is entitled to collect his debt in full, with interest to the date of filing the petition, but interest does not run beyond that date. Sexton v. Dreyfus, 219 U. S. 339, 31 S. Ct. 256, 55 L. Ed. 244. And though the mortgage may provide for attorney's fees in the event the note is placed in the hands of an attorney for collection, he is not entitled to collect attorney's fees by priority. A clause in the mortgage providing for attorney's fees contemplates a foreclosure. If there has been no foreclosure prior to bankruptcy, they are not due, and payment for the services of an attorney in the bankruptcy proceedings is not a debt entitled to a preference. Gugel v. New Orleans Nat. Bank, supra; Security Mortg. Co. v. Powers (C. C. A.) 21 F.(2d) 965.

[4, 5] The landlord in Louisiana has a statutory lien and privilege of the highest order on the movable property in the leased premises, not only for the rent that may be due at the time the petition in bankruptcy is filed, but also for one year thereafter, unless

the lease terminates sooner. In re Meyer & Bleuler (D. C.) 195 F. 653; Denechaud v. Board of Administrators, etc. (C. C. A.) 200 F. 1022; Lontos v. Coppard (C. C. A.) 246 F. 803. A landlord is therefore entitled to the same preferential treatment as a mortgage creditor, or, in other words, he is entitled to receive the full amount of the proceeds of the property in the leased premises on contributing to the general fund an amount equivalent to what it would have cost to enforce his lien in a proceeding other than in bankruptcy.

[6, 7] Of course, if the property in the hands of the trustee is covered by two liens under the state law, it is necessary to determine which takes precedence, and the order of the liens fixed by the state law will be enforced. Preetorius v. Anderson (C. C. A.) 236 F. 723. The privilege accorded the landlord in Louisiana is coequal with the lien of a chattel mortgage, but the first in point of time must prevail. Youree v. Limerick, 157 La. 39, 101 So. 864, 37 A. L. R. 394. It is conceded in this case that the chattel mortgages are superior to the landlord's lien, as they attached to the property before it was placed in the leased premises. However, if there should be any surplus after satisfying the chattel mortgages and estimated costs of foreclosure, the landlord has a lien on that, and it does not go into the general funds of the estate.

[8, 9] The determination of what may be properly considered costs of administration, entitled to priority in the distribution of the bankrupt's estate, is largely within the discretion of the court, depending upon the facts in each case. It cannot be said in this case that there has been any abuse of discretion. However, the amount to be contributed by lienholders is not to be fixed by requiring each to pay a stated proportion of the costs of administration, basing that upon the respective part of the fund to which each is entitled. Such an award might be unjust to a creditor, and require him to pay more than if bankruptcy had not intervened.

This disposes of the questions presented, except as to the rent for the period the premises were occupied by the trustee and for the period the baking outfit remained on the premises after it was sold.

[10, 11] As a general proposition, we may say that a landlord is entitled to be paid his rent for the premises occupied by the trustee as part of the costs of administration, but in this case the question would seem to be moot. Appellant is not entitled to a lien on the property left in the premises after the sale, as there was no contract of lease between it and the purchaser, and mere occupancy does not create a lien under the law of Louisiana. C. C. art. 2708; Blanchard v. Davidson, 7 La. Ann. 654; Bisland v. Provosty, 14 La. Ann. 169. Furthermore, there would be no ground upon which to compel payment by the mortgage creditor for the period the property purchased by it remained in the store. It was the duty of the trustee to deliver or to put the purchaser in default, which he did not do. As the landlord is entitled to his privilege on all of the property not subject to the chattel mortgage, and this will absorb the fund, it is immaterial whether he be allowed rent as part of the cost of administration or not.

The judgment appealed from will be reversed, and the case remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.