**In re Zidon Edward WHITTEMORE, Jr., Sharon Elaine Whittemore, Debtors.**

**Bankruptcy No. 381–04369.**

United States Bankruptcy Court, D. Oregon.

Jan. 20, 1984.

Kent Snyder, Irvine, Cal., for debtors.

Bradley O. Baker, Portland, Or., for Federal Land Bank (FLB).

No appearance for Associates Financial Services.

## MEMORANDUM OPINION

HENRY L. HESS, Jr., Bankruptcy Judge.

The debtors filed herein a motion for authorization of sale and distribution of proceeds free of secured interests.

At the time of the filing of the petition in bankruptcy the debtors were the owners of a piece of real property consisting of 43 acres. This property was encumbered by a first mortgage held by FLB and a second mortgage held by Associates. During the course of this case the debtors sold a portion of the realty on a land sale contract to Seymour and Marilynn Husserl. From the net proceeds of the down payment $7,000 was paid to FLB. The monthly payments of $459.63 on the $40,000 contract balance were assigned to FLB.

The Husserls now wish to pay off the contract balance of approximately $39,000. The debtors seek an order of the court providing that the balance due upon the mortgage of Associates of approximately $19,622 be first paid and the balance of approximately $19,000 be paid to FLB.

The debtors' reasons for wishing to apply the contract proceeds in this manner are that by so doing the debtors would then have a single mortgage payment to make in

the future to FLB. If the entire proceeds were to be paid to FLB the debtors would be required to make the monthly payment upon the mortgage of FLB and in addition make the monthly payment due upon the mortgage to Associates. In the debtors' present circumstances they do not have sufficient monthly income to make both mortgage payments.

The debtor has listed and intends to sell a portion of the remaining real property. Counsel agree that the portion presently listed for sale is of sufficient value that upon sale, after payment of the $39,000 owing by Husserls from the earlier sale, there should be sufficient funds to pay in full the mortgages of both FLB and Associates.

█ The 43 acres here involved constitute the principal residence of the debtors. FLB and Associates do not have a security interest in any other property. Therefore under 11 U.S.C. § 1322(b)(2) and (5) the debtors may not modify the mortgages in their plan but may only make provision for curing of defaults and maintenance of payments.

Both FLB and Associates have consented to the sale to Husserl. The sole question is the application of the funds to be derived from this sale upon the two mortgages.

FLB objects to application of any of the proceeds upon the mortgage of Associates.

█ Under this set of facts it is the opinion of the court that the entire net proceeds of the sale to Husserl must be applied upon the mortgage of FLB.

The proceeds of sale subject to the security interest of FLB constitute cash collateral within the meaning of 11 U.S.C. § 363. Pursuant to 11 U.S.C. § 363(c)(2) the debtor may not use this cash collateral unless FLB consents or the court authorizes the use in accordance with the provisions of 11 U.S.C. § 363.

Under 11 U.S.C. § 363(f) the property can be sold free and clear of the lien if any one of the subsections of section (f) apply. In this case subsection (f)(5) does apply. When such a sale takes place the only remaining question regards the manner of distribution. As stated in 2 Collier on Bankruptcy (15th Edition) at paragraph 363.07:

"With regard to the manner of distribution, it is settled that the costs and expenses deemed properly payable from the proceeds of the sale should first be deducted, then if there is more than one lien on the particular property sold, such liens should be paid in the order of their priority." Citing *Lerner Stores Corporation v. Electric Maid Bake Shops,* 24 F.2d 780 (5th Cir.1928) and *In Re Unikraft Homes of Virginia,* 370 F.S. 667 (W.D.Va.1974).

The debtors argue that it would be appropriate to order application of the sale proceeds as requested by them under the provisions of 11 U.S.C. § 105(a) which provides:

"The bankruptcy court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

This section of the Bankruptcy Code does not give rise to substantive rights but merely provides for implementation of substantive rights created or recognized by the Bankruptcy Code. It is therefor of no assistance in the question now before the court.

Application of the entire proceeds of the sale to Husserl will not automatically doom a successful reorganization in this case. If the debtors' financial condition at the present time does not permit payment of the full monthly sums due under the FLB mortgage and the Associates' mortgage, relief from stay, should either of the mortgagees request it, would not automatically follow. If these mortgages could both be paid in full from the sale of some portion of the remaining property, the debtors could be granted a reasonable time within which to effect such a sale.