Gaines, Associate Justice.
The appellees leased to one A. F. Peet the lower story of a brick house for the period of nine months, beginning April 1, 1882. The lessee agreed to pay a rent of six hundred and seventy-five dollars, payable in sums of seventy-five dollars at the end of each month for which the lease was to continue; and it was agreed that in the event of a failure to pay any one of the monthly instalments, the whole rent was to become due. Peet paid the first instalment but failed to pay the second; and very soon after his default sold to appellant all the property placed by him upon the rented premises, which consisted mainly of the furniture and fixtures of a restuarant. Appellees thereupon sued out a distress warrant and levied it upon the property so sold, when appellant made oath and filed a claimant’s bond for the trial of the right of property as authorized by statute. The distress warrant having been returned unto the District Court, appellees recovered a judgment by default against the defendant Peet for the full *709 amount of unpaid rent. Subsequently upon a trial of the right •of property under appellant’s claim, appellees obtained a judgment against appellant and the sureties on his bond for the value of the property distrained with interest and damages; and from "that judgment this appeal is taken.
It appears from the testimony that appellees relet the rented premises from the first day of September, 1882, until the end of Peet’s term, and received the rent for that time. Appellant now •assigns that “the court erred in pronouncing judgment for the rental accruing after the plaintiffs had voluntarily forfeited and •determined their lease by letting their premises to other tenants.” We are of opinion that the court did not so err. The proceeding for the trial of the right of property is purely statutory, and the ultimate question to be determined is, whether or not the property levied upon be subject to lawful seizure under the writ. The statute, in our opinion, does not contemplate that the claimant should be permitted to go beyond this question and inquire into the amount of the debt to secure which the writ has , been issued. The latter issue must be determined in the original suit between the plaintiff and defendant; and we find in the law no provision for the consolidation of the two proceedings, or a combination of the issues which may be presented in the original action with those in the collateral proceeding for the trial of the right of property. On the contrary, it is expressly enacted that, ‘in all cases where any claimant of property shall fail to estabish his right thereto, judgment shall be rendered against hifia •and his sureties for the value of the property, with legal interest thereon from the date of such bond.” (Rev. Stats., art. 4842.)
The language of the statute is positive and is without qualification, and we think it should be construed to mean what it says, and that, in the absence of fraud or collusion between the plaintiff and the defendant in the writ, the claimant should not be permitted, in the statutory proceeding, to go behind the process and inquire into the debt upon which it is founded. Such seems to be the ruling of our courts. (The Meader Company v. Aringdale, 58 Texas, 447; Portis v. Parker, 22 Texas, 699.) In this case, at the time of the trial, plaintiff had a judgment, and there was no allegation in the tender of issues which can be construed as giving appellants notice that such a defense should be relied upon; and this alone would have warranted the court below in disregarding the evidence that appellants had relet the premises after Peet had made default.
*710 Opinion delivered October 18, 1887.
Appellant further contends that according to the terms of the-written lease between the parties, appellees had no lien upon Feet’s property except for the month’s rent which had accrued at the time of his default. But the lease in this case provides-that in the event the lessee failed to pay any instalment of rent-as it matured, the whole rent should become immediately jue. This would give the lien for the entire rent, even according to the rule laid down in Green v. Bear Bros. & Hirsch, 5 Texas Law Review. But this court this day decides that the doctrine of that case is not the law, and that a landlord who leases a. house has a lien upon the property of the tenant therein situate, not exempt from forced sale, for all rent accrued and to accrue during the entire term of his lease. (See Marsalis & Co. v. Pitman, ante, page 624.)
There being no error in the judgment, it is affirmed.
Affirmed.