In re HERSEY.

(District Court, N. D. Iowa, E. D. August 3, 1909.)

No. 601.

1. BANKRUPTCY (§ 340*)—CLAIMS—REVIEW—EVIDENCE.
　　Where a claimant against a bankrupt had no notice, at the time the bankrupt and other witnesses were examined before the referee at meetings of creditors, that the evidence would be used on the hearing of his claim, such evidence was inadmissible against him.
　　[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 340.*]

2. BANKRUPTCY (§ 166*)—PREFERENCES—LIENS.
　　A creditor of a bankrupt employed claimant, an attorney, to assist in securing payment or security for claim of $280, and on January 17, 1908, it was agreed that the attorney should pay such amount to the creditor and receive a chattel mortgage on the bankrupt stock to secure the bankrupt's note for the amount, due in 60 days. The mortgage was duly executed and filed and the money paid to the creditor by claimant. The bankrupt was then insolvent and intended to grant a preference; but there was no proof that either the bankrupt or claimant intended to hinder, delay, or defraud the bankrupt's creditors, nor did the bankrupt receive any advantage to himself, being adjudged a bankrupt on February 24th thereafter. Held, that the mortgage was not a preference in so far as the $280 loan was concerned, having been given for a present consideration, but was a valid lien under Bankr. Act July 1, 1898, c. 541, § 67d, 30 Stat. 564 (U. S. Comp. St. 1901, p. 3449), providing that liens given or accepted in good faith and not in fraud of the act and for a present consideration shall not be affected thereby.
　　[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 166.*]

3. BANKRUPTCY (§ 188*)—LIENS—STATUTES.
　　Bankr. Act July 1, 1898, c. 541, § 67d, 30 Stat. 564 (U. S. Comp. St. 1901, p. 3449), providing that liens given in good faith and not in contemplation of or in fraud of the act, and for a present consideration, shall not be affected thereby, was designed to protect liens valid under the state law.
　　[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 188.*]

4. BANKRUPTCY (§ 159*)—PREFERENCES—PRE-EXISTING DEBT.
　　Execution of a chattel mortgage by an insolvent less than two months before bankruptcy to secure a pre-existing debt intending to prefer the creditor, and the latter having reasonable cause to believe that the bank-

rupt was then insolvent and intended such preference, was voidable as a preference under the express provisions of Bankr. Act July 1, 1898, c. 541, § 60d, 30 Stat. 562 (U. S. Comp. St. 1901, p. 3446).

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 159.*]

5. BILLS AND NOTES (§ 534*)—ACTION—AMOUNT OF RECOVERY—ATTORNEY'S FEES.

Under Code Iowa, § 3869, authorizing recovery of an attorney's fee in suits on notes contracting therefor provided the attorney files with the clerk when commencing the suit an affidavit that there is no agreement for division or sharing of the fee, a claim for such fees may be properly denied where no such affidavit has been filed.

[Ed. Note.—For other cases, see Bills and Notes, Dec. Dig. § 534.*]

6. BANKRUPTCY (§ 322*)—CLAIMS—NOTES—ATTORNEY'S FEES.

Where a note providing for attorney's fees in cases of collection by suit was filed by the payee, who was an attorney, as a claim against the maker's estate in bankruptcy, he was not entitled to an additional allowance for attorney's fees as costs in determining the amount of the claim; there being no provision in the bankruptcy act for the allowance of attorney's fees in bankruptcy proceedings except section 3e (Act July 1, 1898, c. 541, 30 Stat. 547 [U. S. Comp. St. 1901, p. 3422]), on the withdrawal or dismissal of a petition in bankruptcy, and section 64b (3), on behalf of certain attorneys to the estate.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 322.*]

In Bankruptcy. On petition of Wm. S. Hart for review of an order of the referee.

See, also, 171 Fed. 998, 1001.

Dexter D. Hersey, a merchant doing business at Waterville in Allamakee county, was adjudged bankrupt by this court February 24, 1908, upon his own petition filed that day. January 27th preceding he made a chattel mortgage upon his stock of merchandise to the petitioner, Wm. S. Hart, to secure two notes, one for $280, due in 60 days, and one for $20, due in 30 days from that date, bearing 8 per cent. interest, which mortgage was duly recorded the same day. Hart presented to the trustee a claim for these two notes, and asked that it be allowed as a secured claim against the bankrupt estate under this mortgage. On objections by the trustee, the referee denied the claim upon the ground that the mortgage was made to hinder and delay the creditors of the bankrupt, and therefore void under section 67e of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 565 [U. S. Comp. St. 1901, p. 3449]). Hart petitions for review of this order.

Wm. S. Hart, in pro. per.
Douglas Deremore, for trustee.

REED, District Judge (after stating the facts as above). Upon the hearing of the claim, and the objections of the trustee thereto, the testimony of the bankrupt and other witnesses examined before the referee at the first and other meetings of the creditors was offered by the trustee and admitted in evidence over the objections of the petitioner that no notice had been given him that such testimony was to be used in any proceeding whatever against him. Hart was also examined at such meeting, and was present at the examination as attorney for the bankrupt while the latter was being examined, but was not present when the others were examined, and was not notified at any time before the testimony was taken that it was to be used against him. It seems clear that, aside from his own examination,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

none of this testimony was admissible against the petitioner upon the hearing of this claim, and it will not be considered as against him.

From Hart's examination before the referee, and his testimony upon the hearing of the objections to his claim, it appears: That Mr. V. H. Stevens for some time prior to the bankruptcy held a claim against the bankrupt for $280: that on January 17, 1908, he requested the petitioner, Hart, who then was, and still is, a practicing attorney at Waukon, Allamakee county, to go with him to Waterville to assist him in collecting or securing such claim. They went to Waterville that day, and, after some negotiations, and inquiries of the bankrupt as to the amount of his debts and property, Hart agreed with the bankrupt to loan him $280, with which to pay the debt of Stevens, and take a chattel mortgage upon his stock of goods to secure the same and $20 that the bankrupt was owing Hart. Notes were accordingly made by the bankrupt to Hart for said amounts, one for $280 due in 60 days, and one for $20 due in 30 days, each bearing 8 per cent. interest, and a chattel mortgage upon the stock of goods of the bankrupt to secure them. The notes and mortgage were delivered to Hart, he and Stevens returned to Waukon the same day, and Hart filed the mortgage for record and at once paid Stevens the amount of his debt $280. That the bankrupt was insolvent at this time is clear under the testimony; but it is not certain that he then knew it. It is certain, however, that he was desirous of paying both Stevens and Hart their respective debts, and the testimony convinces that they each had reasonable cause to believe that the bankrupt was insolvent and intended to prefer them; but there is an entire absence of evidence that either the bankrupt in giving, or Hart in taking, the mortgage in question, intended to hinder, delay, or defraud the creditors of the bankrupt. Nor did the bankrupt secure by the mortgage any advantage to himself, out of what should have gone to his creditors, for he paid the entire amount of the loan upon the debt he was owing Stevens. While the evidence is conclusive that Stevens intended to enforce payment of, or security for, his claim when he went to Waterville, yet, if the mortgage had been made direct to him, that alone would not be sufficient to convict either him or the bankrupt of an intent to hinder, delay, or defraud the creditors of the latter. The distinction between an attempt to prefer, or an actual preference for that matter, and a conveyance by the bankrupt with intent to hinder, delay, or defraud creditors, is clear and must not be overlooked, and, unless the mortgage in question was made for the latter named purpose, it is not void under the bankruptcy act. Coder v. Arts, 152 Fed. 943–947, 82 C. C. A. 91, 15 L. R. A. (N. S.) 372, affirmed 213 U. S. 223, 29 Sup. Ct. 436–443, 53 L. Ed. ——.

If the mortgage had been made direct to Stevens, it would under the testimony have been a preference under section 60b of the bankruptcy act, which is as follows:

"If a bankrupt shall have given a preference, and the person receiving it, or to be benefited thereby, or his agent acting therein, shall have had reasonable cause to believe that it was intended thereby to give a preference, it shall be voidable by the trustee, and he may recover the property or its value from such person. And, for the purpose of such recovery, any court of bankruptcy,

as hereinbefore defined, and any state court which would have had jurisdiction if bankruptcy had not intervened, shall have concurrent jurisdiction."

It was Stevens alone who was benefited by the payment of his debt of $280, and he, if any one, should respond to the trustee for the preference so received. Hart received no benefit whatever from such payment, and was not, and could not have been, preferred thereby, for an indispensable requisite of a preference is a pre-existing creditor who may be preferred. In re Clifford (D. C.) 136 Fed. 476. Hart, as to such $280, was not, prior to the mortgage, a creditor of the bankrupt, and his only connection therewith was the loan by him to the bankrupt of that amount with which the latter might pay his debt to Stevens, and for which Hart took the mortgage in question as security at the time of making such loan. Such transaction is not fraudulent, but falls directly within section 67d of the bankruptcy act, which is as follows:

"Liens given or accepted in good faith, and not in contemplation of or in fraud upon this act, and for a present consideration, which have been recorded according to law, if record thereof was necessary in order to impart notice, shall not be affected by this act."

This section is designed to save and protect from the operation of the bankruptcy act liens that are valid under the state law. Hewit v. Berlin Machine Works, 194 U. S. 296, 24 Sup. Ct. 690, 48 L. Ed. 986; Thompson v. Fairbanks, 196 U. S. 516, 25 Sup. Ct. 306, 49 L. Ed. 577, reaffirmed in Security Warehouse Co. v. Hand, 206 U. S. 415, 27 Sup. Ct. 720, 51 L. Ed. 1117; Coder v. Arts, 213 U. S. 223, 29 Sup. Ct. 436–443, 444, 53 L. Ed. ——.

In Hewit v. Berlin Machine Works, above, it is said:

"The bankrupt act does not vest the trustee with any better right or title to the bankrupt's property than belongs to the bankrupt or his creditors at the time when the trustee's title accrues. The present act, like all preceding bankrupt acts, contemplates that a lien good at the time of the bankruptcy as against the debtor and as against all of his creditors shall remain undisturbed."

That this mortgage to Hart upon its execution became a valid lien under the law of Iowa against the bankrupt, and upon its being recorded a valid lien as against his creditors, is not doubted. It is therefore valid as against the trustee of this estate to the extent of the loan of $280 made by Hart to the bankrupt; but, as to the $20 note, it stands upon a different basis. That note was given for a prior indebtedness of the bankrupt to Hart, and to that extent the mortgage is a preference, which may be avoided by the trustee.

Hart also claims an attorney's fee upon each of the notes under a stipulation therein which is as follows:

The maker "further agrees that if this note is not paid within thirty days after maturity and is placed in the hands of an attorney for collection, to pay five per cent. of the amount as collection fee and penalty for nonpayment; and in case suit is brought hereon a reasonable attorney's fee shall be taxed as costs of such suit."

Section 3869 of the Iowa Code authorizes an attorney's fee to be taxed as part of the costs if suit is commenced upon any contract providing for such a fee, which shall not be greater than a specified

amount, providing the attorney claiming such fee shall file with the clerk at the time of commencing the suit an affidavit that there is no agreement, express or implied, between him or his client for any division or sharing of the fee to be so taxed. The purpose of this statute, and of the stipulation in these notes, is to save the payer or holder the expense of collection fees if the note is not paid within the time stipulated, or if suit is commenced thereon. Hart is an attorney, and it does not appear that the notes were ever placed in the hands of any other attorney 'for collection, or that suit was ever commenced upon either of them; in fact, this larger note was not due at the time of the bankruptcy. Nor has the affidavit required by the state statute as a condition precedent to the allowance of such fees been filed. The claim therefore, if made under the state statute, might well be denied upon these grounds alone; but costs are only taxable under some provision of law authorizing their allowance, and Congress has provided for the allowance and taxation of costs pending in the federal courts, and it may be doubtful, to say the least, if attorney's fees are taxable as costs in those courts other than as allowed by Congress to be taxed; but it is obvious that the bankruptcy act does not contemplate the allowance of attorney's fees as costs or otherwise upon proving claims against a bankrupt estate. No provision is made by that act for the allowance of attorney's fees in bankruptcy proceedings proper, except in behalf of a respondent under section 3e, upon the withdrawal or dismissal of a petition in bankruptcy, or in behalf of attorneys, as authorized by section 64b (3), and neither of these provides for the allowance of attorney's fees upon proving claims against the bankrupt estate. The claim for attorney's fee must therefore be denied.

The conclusion therefore is that the note of Hart for $280 should be allowed, without an attorney's fee, against the bankrupt estate as a claim secured by his mortgage of $300, and the note for $20, without an attorney's fee, as an unsecured claim upon the surrender of his mortgage to that extent. The matter is referred back to the referee that they may be so allowed.

It is ordered accordingly.