## SALT CITY CO. v. PADGETT et al.
### (No. 1648.)

(Court of Civil Appeals of Texas. Texarkana.
May 17, 1916. Rehearing Denied
May 25, 1916.)

TAXATION &=510—TAX LIEN—PRIORITIES.

Vernon's Sayles' Ann. Civ. St. 1914, art. 7627, providing that there shall be a lien for taxes on property of a delinquent taxpayer superior to certain rights acquired thereto by his creditors while he owns the property, does not give a junior tax lien priority over a senior chattel mortgage, taken for the purchase price of the personalty.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 946; Dec. Dig. &=510.]

Appeal from Van Zandt County Court; R. M. Lively, Judge.

Action by the Salt City Company against Joe Padgett and another. From the judgment rendered, plaintiff appeals. Reformed and affirmed.

West & West, of Grand Saline, for appellant. T. R. Yantis, of Canton, for appellees.

WILLSON, C. J. In May, 1914, appellant sold a horse to appellee Padgett on credit,

and took from Padgett a mortgage on the horse to secure the payment of the price thereof. Before the sale was made appellant paid all taxes due on the animal for the year 1914 and previous years. In July, 1914, Padgett having failed to pay taxes assessed against him for the years 1911 and 1912, the tax collector levied on the horse, and was proceeding to sell same for taxes due by Padgett, as stated, when appellant commenced the suit resulting in the judgment from which appeal is prosecuted. Appellant sought judgment against Padgett for the purchase price of the horse, and a foreclosure of the mortgage as against both him and the tax collector. The trial court was of opinion appellant was entitled to the relief it sought against Padgett, but that the lien created on the horse by the levy thereon made by the tax collector was superior to appellant's by virtue of the mortgage, and rendered judgment accordingly.

In support of the judgment it is insisted that the lien created by the levy for taxes due by Padgett, though junior in fact, was in law superior to that of appellant's mortgage by force of article 7627, Vernon's Statutes, which is as follows:

"In all cases where a taxpayer makes an assignment of his property for the payment of his debts, or where his property is levied upon by creditors, by writs of attachment or otherwise, or where the estate of a decedent is or becomes insolvent, and the taxes assessed against such person or party, or against any of his estate remains unpaid in part or in whole, the amount of such unpaid taxes shall be a first lien upon all such property; provided, that, when taxes are due by an estate of a deceased person, the lien herein provided for shall be subject to the allowances to widows and minors, funeral expenses, and expenses of last sickness; and such unpaid taxes shall be paid by the assignee, when said property has been assigned by the sheriff out of the proceeds of sale in case such property has been seized under attachment or other writ, and by the administrator or other legal representative of decedents; and, if said taxes shall not be paid, all said property may be levied on by the tax collector and sold for such taxes in whomsoever's hands it may be found."

The statute had no application to the facts of this case. Its purpose was, the circumstances mentioned in it existing, to create a lien on the property of a delinquent taxpayer for taxes due by him, superior to rights acquired thereto by his creditors, in ways specified, while he owned the property. It was not intended and did not operate to give precedence to a junior tax lien on personal property over a contract lien thereon like the one asserted by appellant.

The judgment will be so reformed as to require the proceeds arising from the sale to be made of the horse as it provides, to be applied to the payment in full of the sum found to be due appellant before any of same are applied to the payment of taxes adjudged to be due by Padgett, and, as so reformed, will be affirmed.