## In re WATTS.

District Court, E. D. Louisiana, Baton Rouge Division.   May 12, 1927.

### No. 111.

1. **Bankruptcy ⬦150—Mortgaged property of bankrupt held burdensome to estate, and such as trustee should abandon to mortgagee.**

Where evidence clearly showed that mortgaged property of bankrupt would not sell for enough to leave anything for distribution to ordinary creditors, *held*, trustee should abandon property as onerous and burdensome to bankrupt estate, on mortgagee's reimbursing him for legitimate expenses of preserving property and costs of advertising, incidental to an attempted sale which failed for want of bidders.

2. **Bankruptcy ⬦150—Mortgagee of bankrupt's property may be required to pay legitimate expense of preserving it and cost of advertising attempted sale as condition to trustee's abandonment thereof.**

Mortgagee of property of bankrupt may be required, as condition precedent to trustee's abandonment of property as onerous and burdensome to estate, to pay legitimate expense of preserving property and cost of advertising incidental to prior attempted sale, which failed for want of bidders.

In Bankruptcy. In the matter of the bankruptcy of Perlie Watts. On petition for review of order of referee denying petition to have certain mortgaged property belonging to bankrupt abandoned by trustee as onerous. Trustee ordered to release property on condition stated.

Taylor, Porter, Loret & Brooks, of Baton Rouge, La., for Capital Building & Loan Ass'n.

Cross & Moyse, of Baton Rouge, La., for trustee.

BURNS, District Judge.   [1] The petition for review presented on behalf of the Capital Building & Loan Association complains of an order of the referee, dated February 15, 1927, denying its petition to have certain real estate belonging to the bankrupt, and incumbered with a mortgage and vendor's lien in petitioner's favor, abandoned by the trustee as onerous, so that the petitioner may proceed by foreclosure outside the bankruptcy court,

and further ordering the trustee to sell at public or private sale to the highest bidder for cost and free of all liens, mortgages, and incumbrances.

From the record it appears that the petitioner, as mortgage creditor, made no proof of claim and was not party to the bankruptcy proceedings, except to appear for the purpose of opposing the sale, thereby electing to rely entirely on its security. It also appears that the trustee, under a provisional order, had offered the property for sale after appraisal and advertising, when, for want of bidders, it failed to sell. Evidence in the record clearly indicates that the property may not be expected to sell for a price sufficient to pay the amount of the mortgage, interest and costs, and certainly not for a price sufficient to leave a fund in which the ordinary creditors might share. There can therefore be no doubt that, in so far as the bankrupt estate is concerned, this property is onerous and burdensome.

By the weight of authority, the trustee, upon whom the title of the bankrupt devolved under the law, should release and surrender his possession and control under the circumstances, particularly since the attorney for the mortgage creditor has formally offered to pay the legitimate costs of advertising on the previous effort at sale, together with such expenses as were incurred by the trustee in the preservation of the property, exclusive, however, of fees and commissions.

[2] Considering that the mortgage creditor seems to have contributed by its conduct to part of the condition created, it is but equitable and just that such expenses and charges should be borne by it. In re Equitable Loan & Security Co., 125 F. 609 (5 C. C. A.); In re Harralson, 179 F. 490, 29 L. R. A. (N. S.) 737 (8 C. C. A.); In re Rose (D. C.) 193 F. 815; Black on Bankruptcy (1st Ed.) § 566; also section 320; In re Huggins, 179 F. 490, 29 L. R. A. (N. S.) 737, 24 Am. Bankr. Rep. 715 (8 C. C. A.); In re Goldsmith (D. C.) 118 F. 763, 9 Am. Bankr. Rep. 419; In re Anders, P. B. T. Co. (D. C.) 136 F. 995.

The order of the referee will be vacated and set aside, and an order entered directing the trustee to release and surrender his possession and control of the real estate described in the petition and schedules, upon being reimbursed by the Capital Building & Loan Association of the legitimate expenses of preserving the property and the costs of advertising incidental to the previous offer of sale.