tom tank. The test showed that the hold was tight with no leaks.

During the voyage an unusual amount of water was found in the bilges of the ship. Though from six to eight inches constituted an ordinary sounding in the bilges, on January 3d the sounding showed twelve inches. After pumping to bring the bilges to their normal level, the water in the tank was lowered from four feet three inches, its capacity, to two feet three inches. By keeping thereafter a depth in the tank of two feet six inches or lower, it was found that the bilges remained normal. Thus there was indicated the presence of a leak somewhere in the top of the double bottom tank. The testimony shows that, if the leak had not appeared in the top of the double bottom tank, water could not have entered No. 1 hold. It seems reasonable to conclude that the entire trouble arose from leaky rivets which had sprung in the course of the voyage.

In the circumstances, I find that the damage was caused by a latent defect in the vessel, not discoverable by the exercise of due diligence by the shipowner prior to departure.

Accordingly a decree may be entered dismissing the libel.

## In re HILL.

### No. 14795.

District Court, W. D. Pennsylvania.
November 5, 1929.

F. A. Hover, of New Castle, Pa., for bankrupt.

C. H. Akens and H. A. Wilkison, both of New Castle, Pa., for claimant C. W. Nolan.

R. C. McKinley, of New Castle, Pa., for trustee.

Edwin M. Underwood, of New Castle, Pa., referee.

SCHOONMAKER, District Judge.

This matter now comes before the court on petition of Charles W. Nolan, claiming error on the part of the referee in bankruptcy in refusing to give his rent claim preference in payment over the costs of administration.

The facts disclose that the claimant, on the 27th day of March, 1929, issued a landlord's warrant under the Pennsylvania statutes to a constable to distrain for certain rent due on real estate leased to the bankrupt. It does not appear that the constable holding this distress warrant ever actually took possession of this personal property, although he served notice of levy. There was no appraisement of the property by the constable within seven days, as required by the Pennsylvania statutes. On the 4th day of April, the voluntary petition in bankruptcy was filed by Hill, and he was adjudged a bankrupt. A trustee was appointed on the 16th day of April, 1929, and qualified on the 17th day of April, 1929. The personal property upon which the landlord is claiming a lien remained in the meantime in the possession of the bankrupt, although his attorney had the key to the leased premises. The trustee went into possession of the personal property on the leased premises, upon his appointment and qualification, and sold it at public auction, but not realizing sufficient money to defray the costs of administration and the landlord's claim for rent, which was filed

with the referee in bankruptcy on the 25th day of April, 1929.

The question presented is whether or not the landlord, Nolan, is entitled to priority in payment of his rent claim over the costs of administration. Section 64(a) of the National Bankruptcy Act (11 USCA § 104a) fixes the order of payment of debts to have priority under the statute; and in that order of payment the costs of administration precede debts owing to any persons who, by the laws of states or the United States, are entitled to priority.

The claimant cites the Pennsylvania Act of July 17, 1919, P. L. 1029, as giving priority to rent claims in Pennsylvania in bankruptcy proceedings out of the proceeds of the sale of goods liable to distress for rent, deducting only so much of the costs of sale as the landlord would be entitled to pay in case of sale under distress. This does not help the claimant here, for the order of payment fixed by the federal statute must be followed. No state can by statute change the relative order of payment of claims and costs of administration, as fixed under the federal law.

In this case, we think the referee has rightly held that the landlord abandoned his distress warrant. The fact that he did not take possession of the goods distrained, that he did not have them appraised as provided for by the Pennsylvania statute, is sufficient evidence to justify the referee in so holding. The landlord appears before this court now only as a rent claimant, whose claim in order of priority is second to the costs of administration. The referee has correctly refused to allow this rent claim priority over the costs of administration. We affirm his order.

**NEW YORK LIFE INS. CO. v. JENSEN et al.**
**No. 295.**

District Court, D. Nebraska, Lincoln Division.
Oct. 24, 1929.

MUNGER, District Judge.

A motion to dismiss challenges the allegation of the amount involved in this suit. The amount in controversy is alleged to exceed $3,000 exclusive of interest and costs. There is a showing on file that this amount is involved because the amount from which the insurance company seeks relief is $10,974.29, the reserve which the company must maintain against liability under this policy, until it is finally satisfied. The amount in controversy is sufficiently alleged and established. Mutual Life Ins. Co. v. Thompson (D. C.) 27 F.(2d) 753.

The motion also alleges that the facts are insufficient to state a cause of action in equity. The facts are meagerly and somewhat indirectly alleged in plaintiff's bill, but it appears that the suit is to cancel the insurance policy, because of an alleged violation of a term of the application made by the plaintiff and made a part of the policy of insurance, whereby it was agreed that the insurance was not to take effect unless and until the policy was delivered to and received by the applicant, and the first premium thereon paid in full during his lifetime, and then only if the applicant had not consulted or been