## In re CARDWELL.
### No. 332.

District Court, S. D. Texas, at Brownsville.
May 8, 1931.

R. M. Bounds, of McAllen, Tex., for bankrupt.

HUTCHESON, Circuit Judge.

In the controversy between the landlord, claiming rent, the trustees, the city of McAllen, and McAllen independent school district, the referee found that the taxes had the priority, and the matter was submitted on the agreed statement of facts following:

"The bankrupt, John Cardwell, rented from M. Joseph Claimant herein, by a written lease agreement the ground business room located on Lot 11, in Block 4, of Mc-Allen, Texas, for a period of five years commencing on the 1st day of February, 1928, and ending on the 1st day of February, 1933; the stipulated rental in said agreement being in the sum of Two Hundred Twenty-five and no/100 (225.00) Dollars monthly.

"On the 21st of July, 1930, M. Joseph procured the issuance of a distress warrant from the Justice Court, Precinct No. 3, Hidalgo County, Tex., claiming that the bankrupt was at that time indebted to him in the sum of $900, being for rent due for the current year and which distress warrant was served upon the 2nd day of August, 1930, by E. L. Hahn, Constable of Precinct No. 3 Hidalgo County, Texas, who executed the same by taking into his custody all the stock of hardware, together with all equipment found in the above described business room.

"That E. L. Hahn, Constable, retained possession of the stock of hardware and the equipment of the bankrupt's store until superseded therein by Mr. Ben Freudenstein, Trustee in Bankruptcy, said John T. Cardwell having been adjudged bankrupt on the 13th day of August, 1930.

"That immediately following the levy of such distress warrant the tax collector of the City of McAllen and McAllen Independent School District posted upon the front door of the hardware store of the bankrupt their notices of the amount of the past due and unpaid personal property taxes owed by said bankrupt on account of ownership of the stock of goods and equipment of said store, said notices being in the form prescribed by the law for levy upon and seizure of personal property on account of unpaid personal property taxes and which notices were executed respectively by the tax collectors of the City of McAllen and McAllen Independent School District, that said notices were posted upon the front door of the bankrupt's place of business on the following dates towit—McAllen Independent School District, 4th day of August, 1930; City of McAllen ―――― day of August, 1930.

"Upon the adjudication of bankruptcy the claims of M. Joseph, landlord, and of McAllen School District and of the City of McAllen for taxes were filed in the bankruptcy cause as claims against the estate of the bankrupt.

"No levy nor attempted levy of any kind was made by Mr. O. E. Jones, Tax Collector for Hidalgo County, Texas on account of personal property taxes due the State of Texas and the County of Hidalgo although it has been ascertained that the present bank-

rupt was owing such taxes to the State of Texas and the County of Hidalgo and further that the records of Mr. O. E. Jones, Tax Collector, do not reflect what proportionate part of such past due personal property taxes were assessed on account of the stock of goods, equipment and fixtures in the hardware store of said John T. Cardwell."

The referee's decision having been questioned, upon application of the parties it was certified here for review.

Article 5238, Revised Statutes of Texas, gives a landlord a preference lien upon the property of the tenant for the payment of rents due and to become due. This lien is fixed by the statutes and is independent of any levy or compulsory proceedings, Marsalis v. Pitman, 68 Tex. 624, 5 S. W. 404; Livingston v. Wright, 68 Tex. 706, 5 S. W. 407, and such lien, even though creature of the statutes of the state, is not obtained through legal proceedings, but is to be classed as a lien within the true intent and meaning of the Bankruptcy Act. Henderson v. Mayer, 225 U. S. 631, 32 S. Ct. 699, 56 L. Ed. 1233, and bankruptcy does not affect it. City of Richmond v. Bird, 249 U. S. 174, 39 S. Ct. 186, 63 L. Ed. 543.

Neither the city of McAllen nor the independent school district had any lien upon the personal property in question here before the actual levy. Assuming, though not deciding, for the authorities seem to indicate the contrary (Freiberg v. Johnson, 71 Tex. 558, 9 S. W. 455; Lynch v. Payne [Tex. Civ. App.] 49 S. W. 406), that it acquired one by levy, such lien as it then obtained was subordinate to the landlord's lien which had already attached, Salt City Co. v. Padgett (Tex. Civ. App.) 186 S. W. 391; for there can be no question that lien for lien, that of the landlord here is prior in time and superior.

As I gather from the contention of the taxing authorities in their brief, reliance is placed upon section 64a (11 USCA § 104 (a), directing the court to order the trustees to pay all taxes legally due, and section 64b (11 USCA § 104 (b) listing as debts having priority, "in advance of the payment of dividends to creditors, * * * taxes payable under paragraph (a)."

The view that this section controls seems to have prevailed with the referee. I do not agree with this conclusion. While the section invoked does classify debts in the order of their priority, it cannot, through classification, defeat a valid lien such as that of the landlord, which is not affected by the bankruptcy. Fudickar v. Glenn (C. C. A.) 237 F. 808; Lontos v. Coppard (C. C. A.) 246 F. 803. Such statutory liens as are in existence prior to bankruptcy, and not solely dependent upon a levy of any character for their inception, are not priorities to be ranked in order of payment by this section, but are valid and enforceable liens and are protected under section 67d of the Bankruptcy Act (11 USCA § 107 (d). Section 64 (11 USCA § 104), known as the priority section of Bankruptcy Act, relates exclusively to the subject of the rights of priority of payment arising among those whose claims would, in the absence of such section, stand on terms of equality before the law as general unsecured creditors. Such section has no reference whatever to the subject of liens, and claims entitled to priority of payment by this section do not outrank claims secured by valid liens. Section 64 has no reference to lien debts. City of Richmond v. Bird, 249 U. S. 174, 39 S. Ct. 186, 63 L. Ed. 543; Lott v. Salsbury (C. C. A.) 237 F. 191; In re Yoke Vitrified Brick Co. (D. C.) 180 F. 235; Globe Bank & Trust Co. v. Martin, 236 U. S. 288, 35 S. Ct. 377, 59 L. Ed. 583; Collier p. 1438.

I have been greatly aided in the investigation of this matter by the excellent briefs of the parties and by a full and exhaustive memorandum prepared for and furnished to this court by W. Carter Grinstead, referee in bankruptcy for the Houston Division, which memorandum is ordered filed with the referee as a memorandum of authority in this case.

The conclusion reached by the referee is disapproved; his order preferring the taxes to the landlord's lien is set aside, and the cause is remanded for further proceedings not inconsistent with this opinion.