## In re MENZIES.

### No. 252.

District Court, D. Arizona.
June 29, 1932.

Otto E. Myrland, of Tucson, Ariz., for creditor.

Charles Blenman, of Tucson, Ariz., for trustee.

SAMES, District Judge.

On petition for review of referee's order adverse to landlords' petition for return of personal property on leased premises in satisfaction of landlords' lien, referee presents questions for review as follows:

"(1) Is the landlords' lien for rent paramount to the costs and expenses of administration, or is it governed by the provisions of Section 64 of the Bankruptcy Act, as a priority.

"(2) Can the trustee consider a bid by the landlords for a part of the assets, and accept as payment therefor an acquittance of the landlords' claim and lien for rent."

The record shows that a voluntary petition was filed on November 22, 1931; order of adjudication was entered on November 23, 1931, and the trustee of the bankrupt estate was appointed December 19, 1931. On December 1, 1931, Menzies was in arrears in the sum of $1,044 for rent of the premises leased by him from petitioners, James K. Van Harlingen and Ida B. Van Harlingen. He kept a stock of merchandise on the premises, most of which has never been removed therefrom. On November 5, 1931, the landlords instituted an action in the superior court of Pima county against Menzies to recover rent for, and damages to, said premises. Judgments rendered in said action have been vacated on stipulation, and an execution issued thereon returned without service. On December 10, 1931, the Van Harlingens filed with the referee in bankruptcy proof of secured debt, setting forth the judgment for rent and damages, subsequently vacated, and lien for rent. The personal property of the bankrupt on the leased premises was appraised at $1,200, some of which was sold by the trustee on the order of the referee for $375. The landlords offered to purchase the remainder of the bankrupt's stock and property on the premises in full satisfaction of their claim of lien for the rent of same.

The title and right to possession of all property owned and possessed by the bankrupt vests in the trustee as of the date of the filing of the petition in bankruptcy.

When valid liens existing at the time of the commencement of the bankruptcy proceeding are preserved, it is solely within the power of the court of bankruptcy to ascertain their validity and amount and to decree the method of their liquidation. Silberberg v. Ray Chain Stores, etc. (D. C.) 54 F.(2d) 650.

Section 64a and 64b of the Bankruptcy Act (11 USCA § 104 (a, b) as amended in 1926, provides that: (a) The court shall order the trustee to pay all taxes legally due and owing by the bankrupt * * * in the order of priority as defined in paragraph (c). * * * (b) The debts to have priority, in advance of the payment of dividends to creditors, and to be paid in full out of bankrupt estates, and the order of payment shall be (1) the costs of preserving the estate subsequent to filing the petition; * * * (2) the filing fees in involuntary cases, and expense of recovery of concealed property; (3) costs of administration; (4) expenses of setting aside composition; (5) wages earned three months before proceedings; (6) taxes under paragraph (a); and (7) debts owing to any person entitled to priority by the laws of the states or the United States.

Section 67d, 11 USCA § 107 (d) provides that liens given or accepted in good faith, and not in contemplation of, or in fraud upon, the provisions of this title, and for a present consideration, which have been recorded according to law, if record thereof was necessary in order to impart notice, shall, to the extent of such present consideration only, not be affected by anything herein.

Section 1958 Revised Code of Arizona 1928 provides that the landlord shall have a lien on all of the property of his tenant not exempt by law, placed upon or used on the leased premises until his rent is paid, such lien, however, shall not secure the payment of rent ensuing after the death or bankruptcy of the lessee.

The statutory lien of the landlord attaches at the beginning of the tenancy. Such lien does not depend upon a levy, and exists independently of the institution of any proceeding for its enforcement. The remedy by levy, distress, or attachment, when available, is simply to enforce a lien already existing. Gila Water Co. v. International Finance Corporation (C. C. A. Ariz.) 13 F.(2d) 1; In re Cardwell (D. C.) 52 F.(2d) 158, 159. And such lien, even though a creature of the statute of the state, is not obtained through legal proceedings (section 107 [e] and [f], title 11 USCA), but is to be classed as a lien within the true intent and meaning of the Bankruptcy Act, Henderson v. Mayer, 225 U. S. 631, 32 S. Ct. 699, 56 L. Ed. 1233, and bankruptcy does not affect it. City of Richmond v. Bird, 249 U. S. 174, 39 S. Ct. 186, 63 L. Ed. 543; In re Cardwell, supra.

Referring to sections 64a and 64b (11 USCA § 104 (a), directing payment of taxes; (b), listing of debts having priority, the court in Re Cardwell, supra, by Hutcheson, Judge, says: "While the section invoked does classify debts in the order of their priority, it cannot, through classification, defeat a valid lien such as that of the landlord, which is not affected by the bankruptcy. Fudickar v. Glenn (C. C. A.) 237 F. 808; Lontos v. Coppard (C. C. A.) 246 F. 803. Such statutory liens as are in existence prior to bankruptcy, and not solely dependent upon a levy of any character for their inception, are not priorities to be ranked in order of payment by this section, but are valid and enforceable liens and are protected under section 67d of the Bankruptcy Act (11 USCA § 107 (d). Section 64 (11 USCA § 104), known as the priority section of Bankruptcy Act, relates exclusively to the subject of the rights of priority of payment arising among those whose claims would, in the absence of such section, stand on terms of equality before the law as general unsecured creditors. Such section has no reference whatever to the subject of liens, and claims entitled to priority of payment by this section do not outrank claims secured by valid liens. Section 64 has no reference to lien debts. City of Richmond v. Bird, supra; Lott v. Salsbury (C. C. A.) 237 F. 191; In re Yoke Vitrified Brick Co. (D. C.) 180 F. 235; Globe Bank & Trust Co. v. Martin, 236 U. S. 288, 35 S. Ct. 377, 59 L. Ed. 583; Collier, p. 1438." See, also, Remington, vol. 6, § 2839, p. 324.

Section 67d of the Bankruptcy Act, 11 USCA § 107 (d) is designed to save and protect from the operation of the Bankruptcy Act liens that are valid under the state law. In re Hersey (D. C. Iowa) 171 F. 1004.

A contrary view is expressed in the late case of In re Brannon (D. C.) 53 F.(2d) 401, wherein it was held that landlords' liens are treated as excluded from section 107 (d), title 11 USCA, as arising involuntarily, being creatures of law, and without any contractual relation between debtor and creditor, and inferior to the claims for wages and taxes under (a) and (c) of section 64.

In Re Hill (D. C.) 38 F.(2d) 523, it did not appear that the constable holding the distress warrant ever took possession of the

property and no appraisement was ever made as required under Pennsylvania statute to fix the landlord's lien. Under these circumstances the court found that the landlord had abandoned his distress warrant and appears only as a rent claimant, subject to the order of payment fixed by section 64 of the act, whose claim in order of priority was second to the costs of administration.

■ Whether landlord's claim for rent against bankrupt's personal property has priority over administration expenses depends on whether landlord has acquired lien by distraint under law of state where the case arose. In re Philbin (D. C. Pa.) 53 F.(2d) 218.

It is clear that under the Arizona statute, supra, the landlord acquired a fixed specific lien on his tenant's goods and property on the leased premises, rather than a mere claim for priority of payment, and is within the protection of (d) of said section 107.

■ Section 64b, supra, does not give the general costs in bankruptcy precedence over the claim of the landlord having a lien on specific property under the law of the state, and only such costs as are necessarily incidental to the preservation of such property, its conversion into money, and the payment thereof to the landlord, can be paid from such property in preference to the landlord's claim, as the words "estate" and "bankrupt's estates," in sections 62 and 64b, respectively (11 USCA §§ 102, 104 (b), mean the unincumbered assets generally of a bankrupt, properly administerable in bankruptcy, as distinguished from property of the bankrupt dedicated by law to the payment of a particular obligation or upon which there is a specific lien. In re Rauch et al. (D. C. Va.) 226 F. 982; Remington, vol. 6, § 2610–2631.

■ The claim filed in bankruptcy by the landlords includes $21.80 as costs in the state court, and $2,000 damages. The payment of the rent only is secured by the statutory lien.

It appears from the record in the instant case that the trustee attempted to make a sale of all of the property on the premises which was appraised at $1,200, and succeeded in effecting a sale of only a part of the same,

for $375. "It also appears that the trustee, under a provisional order, had offered the property for sale after appraisal and advertising, when, for want of bidders, it failed to sell. Evidence in the record clearly indicates that the property may not be expected to sell for a price sufficient to pay the amount of the mortgage, interest and costs, and certainly not for a price sufficient to leave a fund in which the ordinary creditors might share. There can therefore be no doubt that, in so far as the bankrupt estate is concerned, this property is onerous and burdensome." In re Watts (D. C.) 19 F.(2d) 526, 527.

■ It is well settled that the trustee is not required to administer property burdened with liens or mortgages, and he may abandon the same to secured creditors; in fact, it is his duty to do so whenever it is certain that the general estate will derive no benefit from the sale of such property. Remington § 1154; In re Zehner (D. C.) 193 F. 787. A trustee is not bound to administer property subject to liens to such an extent that it is apparent that nothing can be realized therefrom for the benefit of the unsecured creditors. In such case, what ought to be done is for the trustee to negotiate with the mortgagee and see if he will not take the property in satisfaction of his claim. In re Rose (D. C.) 193 F. 815; In re Watts, supra.

On the authorities referred to above, and on the record presented in this matter, the questions submitted by the referee are answered as follows:

(1) The property owned by the tenant to which the landlords' lien has attached is not subject to the payment of the general administration expenses, and is not governed by the provisions of sections 64a and 64b of the Bankruptcy Act.

(2) No. If the referee, on notice and hearing, is satisfied that the value of the property of the tenant, subject to the lien, is insufficient to pay the amount of rent secured by the lien, and the said property is onerous and burdensome to the estate, he may properly authorize the trustee to abandon and surrender the same to the landlords.