### INGRAM v. COOS COUNTY, OR.
#### No. 7304.

Circuit Court of Appeals, Ninth Circuit.

June 15, 1934.

Wm. B. Layton and N. Ray Alber, both of Portland, Or., for appellant.

Ben C. Flaxel, Dist. Atty., of North Bend, Or., W. A. Seaman and Chris Boesen, both of Marshfield, Or., for appellee.

Before WILBUR, SAWTELLE, and GARRECHT, Circuit Judges.

SAWTELLE, Circuit Judge.

This is an appeal from an order in bankruptcy adjudging that the lien of Coos county, Oregon, for taxes assessed on personal property of the bankrupt, is entitled to priority over certain wage claims and expenses of administration. The undisputed facts are as follows. At the time of the petition in bankruptcy, the bankrupt was indebted to appellee for personal property taxes for the years 1929 to 1932. Under section 69-722, Oregon Code, 1930,[1] these taxes constituted a valid and subsisting lien against the property upon which they had been assessed. The taxes had been assessed against certain fixtures and merchandise located in the bankrupt's place of business. The property was sold free and clear of all incumbrances, and the appellee filed with the referee a claim demanding payment of its tax lien out of the proceeds from the sale of the property, and not out of the general assets of the estate. The referee subordinated the taxes to payment as follows: First, general expenses of administration; second, the amount due on a conditional sales contract; third, claims for wages earned within three months of the filing of the petition; fourth, appellee's tax lien.

The assets of the estate being insufficient to pay all the claims in full, appellee petitioned the District Court for a review of the order of the referee, and the court reversed that order and "adjudged that said claim of said Coos County for taxes hereinabove referred to, constitutes a first, prior and subsisting lien upon and against the proceeds of said sale, and the trustee herein is hereby ordered to pay therefrom the personal property tax lien and claim of Coos County in full, prior to the payment of the costs and expenses of administration, and prior to the payment of any other claim whatsoever except the payment of the actual and necessary costs of the sale of the personal property upon which said taxes were assessed and upon which Coos County has a first, prior

[1] "All taxes which may hereafter be lawfully imposed, charged or levied upon real or personal property * * * as provided in the preceding section, shall be, and they are hereby, declared to be a lien upon such real and personal property, respectively. * * * The taxes assessed upon personal property shall be a lien upon all the personal property of the person as- sessed from and after the date when such assessment is made, and no sale or transfer of personal property shall in any way affect the lien for such taxes upon such property. * * * Such liens shall have priority to and be fully paid and satisfied before any and every judgment, mortgage or other lien or claim whatsoever. * * *" Oregon Code 1930, § 69-722.

and subsisting lien." From that order, the present appeal has been prosecuted by the trustee in bankruptcy.

The question presented is purely one of law: the proper construction of section 64a and 64b of the Bankruptcy Act, as amended May 27, 1926, 44 Stat. 666, 11 USCA § 104 (a, b), which provide, in part, as follows:

"*Debts which have priority.* (a) The court shall order the trustee to pay all taxes legally due and owing by the bankrupt to the United States, State, county, district, or municipality, in the order of priority as set forth in paragraph (b) hereof: * * *

"(b) The debts to have priority, in advance of the payment of dividends to creditors, and to be paid in full out of bankrupt estates, and the order of payment shall be" (1) Costs of preserving the estate; (2) advanced court costs; (3) cost of administration; (4) costs of litigation over composition; (5) wages earned within three months; (6) taxes; (7) debts to persons having a priority under state or federal law.

In the case of In re Tresslar (D. C.) 20 F.(2d) 663, the court held that wage claimants were not entitled to priority of payment over state, county, and city taxes. In that case, as in the case at bar, the taxes were, by the law of the state, a lien on the property of the taxpayer, and the court pointed out that a lien created by statute upon property of the bankrupt reduces the bankrupt estate to the extent of the debt secured by the lien. The arguments advanced by the appellant herein were fully answered by the court in Re Tresslar, supra. We concur therein, and quote therefrom as follows:

"The wages claimants insist that the amendment to the Bankruptcy Law [11 USCA § 104, supra] * * * provides for priority of payment of such claims over those for taxes. And it is contended that by this amendment the order of priority fixed in subdivision (b) arranges wage claims under the fifth subdivision ahead of taxes, which appears under subdivision 6. And it is insisted that this change in the law makes the payment of taxes specifically subordinate to the payment of wage claims and other debts mentioned in subdivision (b). * * *

"The state, county, and city rely upon the Alabama statute * * * which it is insisted fixes a lien for taxes superior to the lien or claim for wages, and the familiar doctrine is urged that the trustee in bankruptcy took the property of the bankrupt estate subject to all valid liens. It is urged that the Act of Congress of May 27, 1926, in no way affects the rights of valid lienholders. It does not seem to me that Congress by the amended Act of May 27, 1926, intended to destroy liens such as created by mortgages and the like, and by the same token it does not seem that Congress intended to, if indeed Congress could do so, destroy the lien for taxes created by the Alabama statute.

"It is to be observed that subdivision (b) of the amended section 64 of the Bankruptcy Act begins with the words: 'The debts to have priority, in advance of the payment of dividends to creditors (except as herein provided) and to be paid in full out of bankrupt estates, and the order of payment shall be,' etc. And it is plain that the amended section provides for the payment in full of certain debts out of the *bankrupt's estate* 'in advance of the payment of dividends to creditors.' Such prior claims must be paid 'out of the bankrupt's estate.' As a proposition of law, I think that a valid lien, whether created by contract or by statute, upon the goods, wares, and merchandise in the hands of the trustee, reduces the estate of the bankrupt to the extent of the amount of the debt secured by the lien. The priority provided in subsection 6 of section 64 of the Bankruptcy Act does not interfere with the disposition of money or property that does not belong to the bankrupt's estate. It simply directs the administration of the money belonging to the bankrupt's estate, and nothing more. It is the estate of the bankrupt which is administered, and what constitutes the estate is governed by the laws of the state.

"After all questions of title and fraud and the like have been settled in accordance with the Bankruptcy Act and the law of the state, the status of the estate remaining is determined by the law of the state. As to creditors, this estate must be administered in the manner provided by the Bankruptcy Act. In any given case the estate may be reduced by the amount of bona fide claims secured by valid liens on the personal property in the hands of the trustee, where such personal property is of greater value than the claims. The residue of the value of such property belongs to the bankrupt. * * * In case any taxes are due *which are not secured by lien,* then such taxes would be paid out of the bankrupt estate after 'wages due, * * *'" etc. (Italics ours.)

In the case of In re Dublin Vencer Co. (D. C.) 1 F. Supp. 313, the court held state, county, city, and school tax liens to be superior to claims for wages, and that the amended section of the Bankruptcy Act has reference only to taxes without a lien.

And in Re Cardwell (D. C.) 52 F.(2d) 158, 159, Circuit Judge Hutcheson said: "Section 64 (11 USCA § 104), known as the priority section of Bankruptcy Act, relates exclusively to the subject of the rights of priority of payment arising among those whose claims would, in the absence of such section, stand on terms of equality before the law as general unsecured creditors. * * * Claims entitled to priority of payment by this section do not outrank claims secured by valid liens."

See, also, In re Brannon (C. C. A. 5) 62 F.(2d) 959, 962, 963, certiorari denied Ryan v. City of Dallas, 289 U. S. 742, 53 S. Ct. 692, 77 L. Ed. 1489, subordinating wage claims to a lien for city taxes on the bankrupt's property. And see In re Menzies (D. C. Ariz.) 60 F.(2d) 1064, and cases cited.

We are not unmindful of several District Court cases holding claims for wages to be superior to tax liens, but as we have seen, the weight of authority is to the contrary.

It follows therefore that appellee's claim for taxes out of the proceeds of the bankrupt's property sold to satisfy the tax lien, is entitled to priority over all other claims "except the payment of the actual and necessary costs of the sale of the personal property upon which said taxes were assessed."

Affirmed.