Neil BRANS, Trustee in Bankruptcy of Direct Hardware Company, Inc., Bankrupt, Appellant,

v.

CITY OF DALLAS, TEXAS, Appellee.

No. 15136.

United States Court of Appeals Fifth Circuit.

Dec. 22, 1954.

Rehearing Denied Jan. 20, 1955.

Neil Brans, Dallas, Tex., for appellant.

H. P. Kucera, City Atty., Ted P. Mac-Master, Asst. City Atty., Dallas, Tex., for appellee.

Before HUTCHESON, Chief Judge, RIVES, Circuit Judge, and DAWKINS, District Judge.

HUTCHESON, Chief Judge.

What and all that is in question here is whether, as the district judge held, the City of Dallas has the right, as the holder of tax liens, to have its claim for taxes for the years 1952–1953 paid out of moneys in the hands of the trustee received from the sale of properties of the bankrupt on which the taxes were a lien.

The matter comes up in this way. On March 4, 1954, the City, asserting that its claim was secured by a first and general lien against the assets of the bankrupt, Direct Hardware Company, filed in the bankruptcy proceeding its lien claim for taxes for the years 1952–1953. The referee, noting on the claim, "Refused and returned—too late to file claims— six months expired * * *—and final meeting has been held", refused to allow it to be proved and returned it to the City. Whereupon, the City filing a petition to review the order, the referee filed a certificate in which, completely ignoring the City's claim to a lien, he treated it as though it were the claim of a general creditor and as such precluded by the failure to timely file it.

The district judge, "of the opinion that the order of the referee disallowing the claim of the City of Dallas for taxes for the years 1952–1953, which said claim is secured by a lien, should be reversed, vacated and set aside", ordered the trustee to pay the claim in full and all costs in the proceedings.

Ignoring the City's preferred position as a secured creditor, the trustee, appealing from that order, is here relying for reversal on two procedural grounds. One is that the claim, not having been filed within the six months' period, was filed too late. The other is that the petition for review not having been filed until after the expiration of the ten days' time fixed for such filing, the court erred in entertaining it.

The City, meeting the trustee head on, asserts: (1) that its claim being fully secured by lien, it was not necessary for it to prove it in bankruptcy; (2) that, to the extent necessary, the proceeds of the property on which the lien rested were dedicated to the satisfaction of the taxes; (3) that, if it was necessary to prove the claim, its late filing was not a bar because it did not receive notice of the bankruptcy proceedings and because the trustee and the creditors have not been prejudiced thereby, indeed the trustee in seeking to defeat the City's claim and lien is seeking the unjust enrichment of the other creditors; and (4) the City's petition in intervention or petition for review was under the undisputed facts not filed too late.

■ Under settled law,[1] the City had a tax lien on the properties, from the sale of which the funds in the trustee's hands were derived and, to the extent necessary to discharge the debt secured by the lien, the proceeds of the sale of the property were withdrawn from or taken out of the assets of the estate.

■■ Because the bankruptcy court has power to displace existing liens on property only to the extent to which it imposes them upon the proceeds thereof, and the City was entitled to have its lien paid therefrom without regard to whether and when it filed a claim,[2] we will not consider or discuss the City's alternative claims: that, because of want of notice and of the fact that the assets had not been distributed, its late filing should be excused; and that, under the undisputed facts, its petition for review was not filed too late, and the court had ample jurisdiction to entertain it.

The judgment was right and it is affirmed.

1. In re Brannon, 5 Cir., 62 F.2d 959; City of Dallas v. Crippen, 5 Cir., 171 F.2d 526.

2. DeLaney v. City and County of Denver, 10 Cir., 185 F.2d 246; Fish v. East, 10 Cir., 114 F.2d 201; In re Burch, 10 Cir., 179 F.2d 773; Ingram v. County of Coos, 10 Cir., 71 F.2d 889; In re Cardwell, D. C., 52 F.2d 158.