In the Matter of QUAKER CITY UNIFORM COMPANY, Inc., Bankrupt.

No. 23857.

United States District Court
E. D. Pennsylvania.

Sept. 7, 1955.

Freedman, Landy & Lorry, Philadelphia, Pa., for Daniel P. Veloric.

William M. Keenan, Pepper, Bodine, Frick, Scheetz & Hamilton, Philadelphia, Pa., for Fidelity-Phila. Trust Co.

Verlin & Goldberg, Philadelphia, Pa., for College Hall Fashions and Synthetic Specialists, Inc.

Markovitz, Stern & Shusterman, Philadelphia, Pa., for Delsea Corp.

KIRKPATRICK, Chief Judge.

■■ This is a contest in which the trustee in bankruptcy is not interested. It is between a chattel mortgagee holding a valid lien and a landlord who distrained for rent prior to the bankruptcy but did not sell. By agreement, the mortgaged property was sold and the proceeds substituted. If bankruptcy had not intervened, the controversy could hardly have arisen, because the law of Pennsylvania clearly subjects the interest of the chattel mortgagee to the lien of the landlord's levy. The chattel mortgagee concedes as much, but argues that the Bankruptcy Act nullifies the landlord's preferred status as against him. Sections 64, sub. a, 11 U.S.C.A. § 104, sub. a and 67, sub. c, 11 U.S.C.A. § 107, sub. c, of the Act provide that in the distribution of the estate a landlord's lien shall be postponed to costs of administration, wages and taxes, all of which admittedly come after valid liens such as this chattel mortgage. Of course, it can be said properly enough that the Bankruptcy Act governs and that it was within the power of Congress to accomplish the result contended for by the chattel mortgagee, inasmuch as the legal title to the mortgaged chattels remained in the bankrupt at all times, the mortgage under the law of Pennsylvania being in the nature of a pledge rather than a conveyance. Whether Congress did so or intended to do so is the question in this case.

■ It will be noted that Section 64, sub. a of the Bankruptcy Act, 11 U.S.C.A. § 104, sub. a, establishes priorities in "bankrupt estates". The words "estate" and "bankrupt estates" in the Act mean the "unincumbered assets generally of a bankrupt, properly administerable in bankruptcy, as distinguished from property of the bankrupt dedicated by law to the payment of a particular obligation or upon which there is a specific lien." In re Menzies, D.C., 60 F.2d 1064,

1067. Regardless of where the bare legal title resided, the mortgaged property or in this case its proceeds, to the extent of the mortgagee's lien upon it, was not in any real sense a part of the bankrupt estate.

■ The question then is, Did Congress, by the Bankruptcy Act, mean to establish priorities in or to deal with property which formed no part of the assets administrable in bankruptcy? The answer clearly appears to be that it did not. Not only can no logical reason be assigned why Congress should undertake to upset state law by changing the relative standing of liens upon property whose disposition can in nowise affect the administration of the bankrupt's estate and in which general creditors have no interest whatever, but any such purpose would be contrary to the general policy of the Bankruptcy Act, which is to recognize property rights conferred by the state law, so far as is compatible with the administration of the bankrupt estate for the benefit of the creditors.

■ This does not advance the wage claimants in the order of distribution. The Bankruptcy law puts the chattel mortgagee, with his valid lien, ahead of the costs of administration, wage claims and liens for rent but this landlord has a prior lien upon the interest of the chattel mortgagee. The landlord does not receive priority as to the bankrupt's equity in the chattels (which *is* part of the bankrupt estate). Such part of the landlord's claim, if any, as cannot be satisfied from the amount of the chattel mortgagee's interest must be deferred, in accordance with the Bankruptcy Act, to administration expenses, wage claims, etc.

The decisions of this Court cited by the Referee and relied upon by the chattel mortgagee all dealt with the landlord's claim of priority upon distribution of the bankrupt estate—property administrable in bankruptcy—and do not touch the point upon which this case is decided.

Order accordingly.