50 F.3d 18
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lee James WAGNER, individually and dba Wagner Equipment
Company, Plaintiff-Appellant,
v.
Birgitte ATME; Tony Atme; Charles Atme; Rony Atme;
Yousseff Atme; Eli Atme; Mona Atme; Hind Atme;
and Minerva Atme, Defendants-Appellees,
and
Gloria Garcia, Claimant-Appellee.
 No. 94-56447.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 7, 1995.
Decided March 23, 1995.
 
 1
 Before: SCHROEDER and KLEINFELD, Circuit Judges, and KING,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Lee James Wagner, individually and d/b/a Wagner Equipment Company, appeals the denial of his claim under the Limitation of Liability Act, 46 U.S.C. Secs. 183 et seq. He sought a judicial declaration exonerating him from, or limiting his liability for, a 1991 fire aboard his sailboat that resulted in the deaths by smoke inhalation of three of his passengers. We affirm.
 
 
 4
 Pursuant to 46 U.S.C. Sec. 183(a), the liability of any vessel owner for any loss, "without the privity or knowledge of such owner or owners," shall not exceed the amount or value of the owner's interest in such vessel, and her freight then pending. The Act applies to pleasure boats, thus covering Wagner's craft. See Hechinger v. Caskie, 890 F.2d 202, 206 (9th Cir.1989), cert. denied, 498 U.S. 848 (1990). The district court must first determine whether damage and liability exist, and then ascertain whether the loss was occasioned or incurred without the privity or knowledge of the shipowner. See Northern Fishing & Trading Co. v. Grabowski, 477 F.2d 1267, 1272 (9th Cir.), cert. denied, 414 U.S. 1079 (1973). Even if damage and liability are found, if the shipowner had no such privity or knowledge, a limitation of liability should be decreed. See id. Once negligence is found, the burden is on the petitioner to establish his lack of privity or knowledge. See id. As used in the Act, privity means "some fault or neglect in which the owner personally participates," and knowledge means "some personal cognizance, or means of knowledge, of which the owner is bound to avail himself." Wiley v. Hobbs, 71 F.2d 889, 894 (9th Cir.1934) (citation omitted).
 
 
 5
 The district court determined that the claimants had met their burden of demonstrating that the loss was occasioned by negligence. That negligence consisted of Wagner's "stowage and operation of the lamp," which the district court determined to be the cause of the fire, "and/or his failure to warn the sleeping passengers." Alternatively, the district court found that Wagner's negligence could be established by the doctrine of res ipsa loquitur. Finally, the district court concluded that Wagner did not meet his burden of proving that he lacked privity to or knowledge of the negligence.
 
 
 6
 We review findings of fact under the clearly erroneous standard, affirming unless upon review we are left with the "definite and firm conviction" that a mistake has been committed. See United States v. Silverman, 861 F.2d 571, 576-77 (9th Cir.1988). We are left with no such conviction here. The district court's oral and written findings demonstrated its meticulous review of the evidence and positions of the parties. The evidence overwhelmingly established that the fire was due to negligence on the part of someone, and Wagner did not carry his burden of proving that he lacked privity to or knowledge of the negligence. Wagner attacks as clearly erroneous a number of findings supporting the district court's conclusions. These findings, based on expert testimony, on the testimony of other witnesses, and on the lower court's determination that Wagner lacked credibility, constitute a well-supported and "plausible" account of the evidence, and so cannot be clearly erroneous. See Service Employees Int'l Union v. Fair Political Practices Comm'n, 955 F.2d 1312, 1317 n. 7 (9th Cir.), cert. denied, 112 S.Ct. 3056 (1992) (quoting Anderson v. Bessemer City, 470 U.S. 564, 573-74 (1989)).
 
 
 7
 Wagner also argues that the denial of limitation cannot be based either on a finding that he negligently failed to warn sleeping passengers, because the district court applied the wrong legal standard in assessing the standard of care to which he should be held, or on the doctrine of res ipsa loquitur. Negligence in the "stowage and operation of the lamp," and Wagner's failure to carry his burden of demonstrating a lack of knowledge or privity, provide an independent and sufficient basis for a denial of limitation. We thus need not reach these arguments.
 
 
 8
 AFFIRMED.
 
 
 
 *
 Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3